UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL "JD" HOUSTON,<br><br>                    Plaintiff,<br><br>            v.<br><br>INFINITY RADIO LICENSE, INC.,<br>d/b/a WZMX/FM HOT 93.7, VIACOM, INC.,<br>INFINITY BROADCASTING CORPORATION,<br>INFINITY RADIO, INC., INFINITY MEDIA<br>CORPORATION and CBS RADIO, INC.,<br><br>                    Defendants. | CIVIL ACTION<br>NO. 303-CV-0130 (AWT)<br><br><br><br><br><br><br>December 15, 2003 |

### STIPULATION AND CONFIDENTIALITY ORDER

The parties hereby agree and the Court hereby ORDERS as follows:

1.   Any party or any non-party subject to discovery (a "Producing Person") may designate as "Confidential" any document or information provided in response to discovery, including, but not limited to, pages of deposition or other transcripts (collectively, "Discovery Material"), which that Producing Person considers in good faith to contain information involving a trade secret, confidential research or development information, or personal, proprietary, financial, or other information subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure. The parties agree to designate such documents as confidential only when deemed necessary in good faith. Any dispute concerning the designation of such documents shall be resolved in accordance with Paragraph 7. Any Discovery Material designated Confidential shall be marked by the Producing Person with the legend "CONFIDENTIAL" on each page so designated; or by separate written notification of such designation within fifteen (15) days after production. Discovery Material



LITDOCS:518602.1

designated as Confidential, including the information contained therein and any document quoting or summarizing such information or materials, are hereinafter referred to as "Confidential Information."

2. Any Confidential Information shall be treated in a strictly confidential manner and shall be disclosed only pursuant to the terms of this Order. Confidential Information shall be used only for purposes of this litigation, including pretrial proceedings in this action, preparation for the trial of this action, the trial of this action, and any appeals of this action. Any other use of Confidential Information, including for business and commercial uses, or for public relations, is strictly prohibited. Any disclosure or use of Confidential Information not in accordance with this Order shall be subject to such sanctions as the Court may deem appropriate.

3. Each person to whom any Confidential Information is to be disclosed pursuant to paragraph 4 or 5 (except the Court and Court personnel, non-employee clerical support personnel, such as copy services, couriers and court reporters) shall be provided with a copy of this Order prior to such disclosure.

4. Except as provided herein, Confidential Information may be disclosed only to the Court and Court personnel, the named parties to this action (including in-house counsel), the parties' attorneys and paralegals, clerical or support personnel employed or retained by such attorneys, and, to the extent deemed necessary in good faith by counsel, Confidential Information may be shown to any actual deposition or trial witness in this action during the course of such witness's testimony and to any potential deposition or trial witness in this action, <u>provided</u> that any such potential witness who is not a named party in this action or an employee or a partner of a named party in this action shall first execute an acknowledgement in the form attached hereto as *Exhibit A*.

5. Confidential Information may be disclosed to any expert or consultant assisting a party's counsel in connection with this action to the extent deemed

necessary in good faith by such counsel to enable the expert or consultant to provide such assistance, <u>provided</u> that the expert or consultant shall first execute an acknowledgement in the form attached hereto as *Exhibit A*.

6. No Confidential Information shall be disclosed to any person who, if required by paragraph 4 or 5 to sign the form of acknowledgement attached hereto as *Exhibit A*, does not first sign such acknowledgement. All signed acknowledgements shall be maintained by counsel for the party making the disclosure and shall be produced if required by the Court for the purpose of determining whether a breach of this Order has occurred.

7. If a party objects to the designation of any Discovery Material as Confidential Information, the parties and, if applicable, the Producing Person shall attempt to resolve the dispute. If the dispute is not resolved, the objecting party may apply to the Court for a ruling that the specified Discovery Material shall not be so treated, giving notice to all other parties and, if applicable, the Producing Person. Until the Court enters an order changing the designation, or until the parties and the Producing Person agree otherwise, the Discovery Material shall be treated as Confidential Information. In the event any person makes a motion disputing the Producing Person's designation of material as Confidential Information, nothing herein shall affect the Producing Person's obligation under Rule 26(c) of the Federal Rules of Civil Procedure to establish that the designated material comes within that Rule. No party, by treating designated material as Confidential Information in accordance with this Order, shall be deemed to have conceded that the material actually is confidential.

8. All Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall to the extent feasible be filed under seal and kept under seal until further order of the Court. Where possible, only Confidential portions of filings with the Court shall be filed under seal.

LITDOCS:518602.1

9. Subject to the preceding paragraph, nothing herein shall prohibit a party from using Confidential Information in connection with any trial, hearing, motion, or other proceeding in this action.

10. Upon final disposition of this action, including appeal, but subject to further order of this Court, counsel for each party shall, within ninety (90) days, destroy or return to counsel for the Producing Person all Confidential Information, including copies thereof, and upon written request by counsel for the Producing Person, shall certify in writing to counsel for the Producing Person that the provisions of this paragraph have been complied with; provided, however, that counsel for the parties may retain in their own files all pleadings, court filings, transcripts, exhibits, notes and memoranda and work product embodying or reflecting Confidential Information. However, any such pleadings, court filings, transcripts, exhibits, notes and memoranda and work product so retained shall remain Confidential and subject to the restrictions contained in this Order.

11. Information obtained from a source other than Discovery Material shall not be deemed Confidential Information, regardless of whether such information is also contained in Discovery Material designated Confidential. In addition, nothing contained herein shall be construed to limit any Producing Person from using its own Confidential Information in any manner that it may choose.

12. Nothing in this Order shall prevent any party from producing any document or information in his, her or its possession to another person in response to a subpoena or other compulsory process, provided, however, that if such party receives a subpoena or other compulsory process seeking production or other disclosure of Confidential Information, that party shall give prompt written notice to counsel for the Producing Person, identifying the Confidential Information and, unless prohibited by applicable law, enclosing a copy of the subpoena or other compulsory process. When possible, at least ten (10) days written notice before production or other disclosure

shall be given. In no event shall production or other disclosure be made before reasonable notice is given.

13. Nothing herein shall preclude any party from applying to this Court for any modification of this Order, nor shall it preclude modification upon written agreement of the parties.

14. Nothing in this Order shall be construed to broaden the scope of discovery under Fed. R. Civ. P. 26 or to render discoverable documents otherwise outside the scope of permissible discovery.

STIPULATED AND AGREED:

| WENDELL "C.D." HOUSTON | INFINITY RADIO LICENSE, INC., d/b/a WZMX/FM HOT 93.7, VIACOM, INC., INFINITY BROADCASTING CORPORATION, INFINITY RADIO, INC., INFINITY MEDIA CORPORATION and CBS RADIO, INC. |
|---|---|
| By his attorneys, | By their attorneys, |
| Francis A. Miniter<br>Miniter & Associates<br>147 Charter Oak Avenue<br>Hartford, CT 06106<br>(860) 560-2590<br>(860) 560-3238 (fax) | Mark W. Batten [ct24751]<br>Nicole Anker [ct20110]<br>BINGHAM MCCUTCHEN LLP<br>One State Street<br>Hartford, CT 06103<br>(860) 240-2700<br>(860) 240-2818 (fax) |

Dated: December 15, 2003 (November ~~crossed out~~)

SO ORDERED:

_____
United States District Judge

## EXHIBIT A

### AGREEMENT TO BE BOUND BY ORDER OF CONFIDENTIALITY

The undersigned, _____ (print or type name), under penalty of perjury, hereby acknowledges that s/he received a copy of the Protective Order entered by the United States District Court, dated _____, in this action, *Wendell "J.L." Houston v. Infinity Radio License, Inc., et al.*, No. 303-CV-0130 (AWT), has read and fully understands the provisions of said Order and agrees to be bound by all of the provisions thereof.

**Signed under the penalties of perjury this ___ day of _____, 200_.**

_____
(Print or type name)

LITDOCS:518602 1