UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL "JD" HOUSTON,<br><br>Plaintiff,<br><br>vs.<br><br>INFINITY RADIO LICENSE, INC.,<br>d/b/a WZMX/FM HOT 93.7, VIACOM,<br>INC., INFINITY BROADCASTING<br>CORPORATION, INFINITY RADIO,<br>INC., INFINITY MEDIA<br>CORPORATION, and CBS RADIO,<br>INC.,<br><br>Defendants. | Civil Action No. 3-03-CV-0130 (AWT) |

## DEFENDANTS' MOTION TO STRIKE PORTIONS OF AFFIDAVITS OFFERED BY PLAINTIFF IN OPPOSITION TO SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(e), defendants (collectively, "Infinity") respectfully move to strike numerous portions of the affidavits offered by plaintiff in opposition to defendants' motion for summary judgment. Each of the affidavits substantially fails to comply with the Rule and offers almost no admissible evidence.

### ARGUMENT

Because the purpose of a motion for summary judgment is to test whether there are genuine disputes of material fact for a jury to resolve, Rule 56(e) requires that a party moving for or opposing summary judgment offer only admissible evidence. The Rule imposes three specific and mandatory requirements: that affidavits (a) "shall be made on personal knowledge," (b) "shall set forth such facts as would be admissible in evidence," and (c) "shall show affirmatively that the affiant is competent to testify to the matters stated therein." All of the affidavits plaintiff

BNLIB1 2679v1

has submitted fail to meet these requirements in various respects, and those improper assertions should be stricken.[1] We review the deficient allegations of each of the affidavits in turn.

1.  **Affidavit of Wendell Houston**

**Paragraph 4, second sentence**: This conclusory allegation that plaintiff's contract was not renewed for retaliatory reasons is not admissible and should be stricken. Plaintiff cites no facts, let alone any based on his personal knowledge, concerning the reasons for his employer's decision, and general, conclusory statements are improper. See, e.g., Hollander v. American Cyanamid Co., 999 F. Supp. 252, 255 (D. Conn. 1998) (citing U.S. v. Private Sanitation Industry Assn., 44 F.3d 1082, 1084 (2d Cir.), cert. denied, 516 U.S. 806 (1995)).

**Paragraph 5**: This paragraph begins with an allegation made "upon information and belief," which is per se improper in an affidavit submitted under Rule 56. See, e.g., Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir. 1988). Plaintiff then goes on to make inflammatory claims about Infinity's "abysmal record" of hiring and employment before he arrived in Connecticut, and contends that defendants were "[u]nder threat of legal action" and at risk of losing its audience, and so hired him "to appease critics" of alleged "purposeful exclusion of black on-air talent." Nowhere in any materials submitted to this Court by either party is there a single document or any testimony to support these extraordinary claims. Plaintiff never cites any source for these allegations, much less any reason to believe that these are matters within his personal knowledge. The paragraph is entirely inadmissible and should be stricken.

**Paragraph 6, third sentence; Paragraph 7; Paragraph 8, first and third sentences**: None of these portions of the affidavit contains any "concrete particulars," relying instead on "bald assertions and legal conclusions." Schwapp v. Town of Avon, 118 F.3d 106 (2d Cir. 1997). To say, for example, that Infinity "fostered and tolerated a hostile work environment" or "discredit[ed] my work" does no more than restate allegations of the Complaint. Plaintiff's

---

[1] Defendants raise this issue by motion because defects under Rule 56(e) are waived if no motion to strike is made. See, e.g., Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir. 1988).

burden on summary judgment is to offer admissible evidence showing that there is a genuine dispute of fact for trial. None of these broad, vague statements does so.

**Paragraph 9**: This paragraph again asserts allegations only "upon information and belief," which must be stricken. Sellers, 842 F.2d at 643.

**Paragraph 10**: This paragraph repeats allegations about pressure on Infinity to hire African-Americans that have no factual basis and neither cite any personal knowledge of the plaintiff nor "show affirmatively that the affiant is competent to testify" to these matters.

**Paragraphs 15, 18, 19, 20**: These paragraphs contain only legal conclusions and generalized, conclusory assertions about Infinity's conduct.

**Paragraph 21:** Much of this text continues to make generalized claims that lack any specifics. A few specific examples are given, as to which Infinity has no objection, but Rule 56(e) does not permit the featureless claims that Infinity acted "without due process," treated him differently than "similarly situated" employees, "fostered and tolerated a racially hostile work environment," and similarly broad and vague allegations. Such statements would not be permitted in trial testimony, and accordingly have no place in a summary judgment affidavit.

**Paragraphs 23, 24**: Plaintiff cannot defeat summary judgment by alleging, without any specifics, that "racially insensitive remarks" have been made – he does not even say what those remarks were, whether he overheard them, or how he knows that such comments were made – or that Infinity has "retaliate[ed]" against him.

**Paragraph 26, fifth sentence**: Plaintiff cites no explanation of the basis for his opinion that "rhythmic" is a "code word" for "black music for white people." Rule 56(e) limits summary judgment affidavits to facts, and plaintiff does not even go so far as to explain who regards the term in that way, or why he believes that to be the case.

**Paragraph 28**: Houston contends that Infinity "hired younger personalities to replace [him]" and recounts alleged conversations between unnamed members of "WZMX management" and businesses requesting personal appearances, but neither states the basis of his knowledge nor gives any other reason to believe that he is, in the words of Rule 56(e),

BNLIB1 2679v1

"competent to testify" to these matters. His allegations concerning the contents of the conversations of others is, moreover, inadmissible hearsay.

**Paragraph 29, final clause; Paragraph 30:** The generalized contention that WZMX has "otherwise made a deliberate effort to reduce the outward connection between myself and the public"; that "age was a motivating factor"; and that defendants' explanations are "nothing more than a pretext" are precisely the sort of general, conclusory statements that Rule 56(e) prohibits. This is rhetoric, not evidence.

**Paragraph 31:** Plaintiff's allegation that "WZMX" instructed white announcers to "fake black accents" again fails to identify any individual who gave these alleged instructions; fails to state the basis of plaintiff's knowledge; and is inadmissible hearsay.

**Paragraph 32:** This paragraph again makes allegations "upon information and belief," which Rule 56(e) prohibits. <u>Sellers</u>, 842 F.2d at 643.

2. **Affidavit of Raymond E. Lumpkin II**

**Paragraph 4:** Mr. Lumpkin's claims in this paragraph are general and conclusory, do not disclose the basis of his knowledge, and (at best) recount inadmissible hearsay. In particular, there is nothing in the affidavit to suggest that this witness is competent to testify about the Urban League's activities, much less specific conversations with anyone at Infinity.

**Paragraphs 5-6:** These paragraphs should be stricken on grounds of irrelevance as well as the inadmissibility of the proffered testimony. Infinity's alleged decision not to hire Mr. Lumpkin is not at issue in this case, and the affidavit offers no basis on which to conclude that his alleged experiences are relevant to any issue. Even assuming that Mr. Lumpkin is an African-American (he does not so state in the affidavit), he does not say who was involved in the hiring decision he challenges; when he applied for the position; or who allegedly told him he was not qualified. These sketchy references to completely unrelated hiring decisions offer no relevant evidence, and should be stricken.

Further, even if the allegations in these paragraphs were at all probative of a racial motivation in the decision not to hire Mr. Lumpkin – which they certainly are not – they are inadmissible because they are irrelevant. Mr. Lumpkin is not the plaintiff in this action. To the extent this evidence is offered to show a "pattern or practice" of discrimination, it falls far short of the requirements for such evidence. Apart from the lack of detail in Mr. Lumpkin's allegations, such evidence is only admissible where there is a sufficient sample of employees that the evidence has statistical significance. See, e.g., Fisher v. Vassar College, 70 F.3d 1420, 1451 (2d Cir. 1995) (evidence from eight employees out of 100 was not statistically significant and therefore inadmissible) (collecting cases); Haskell v. Kaman Corp., 743 F.2d 113, 121 (2d Cir. 1984). Evidence such as that offered by Mr. Lumpkin is "too abstract, in addition to being irrelevant and prejudicial, to support a finding of . . . discrimination." Schrand v. Federal Pacific Elec. Co., 851 F.2d 152, 156 (6th Cir. 1988). Mr. Lumpkin's allegations that Infinity discriminated against him should be stricken.

**Paragraph 7, first two sentences:** The first and second sentences of this paragraph purport to offer expert opinion testimony about the "importance" of a radio station's morning show as compared to other segments of the day. The witness was never identified as an expert in accordance with this Court's scheduling order. In any event, the affidavit offers no reason to believe that this individual is qualified to give any opinion on these subjects; he says only that he "book[s] talent for various events" "in addition to other full time employment," which he does not identify. He cites no career nor even any experience in radio, nor does he otherwise offer any factual basis to support his opinion. It is improper and should be stricken. See, e.g., Fed. R. Evid. 701.

**Paragraph 7, third and fourth sentences, and Paragraph 8:** The remainder of this affidavit mainly expresses the witness's opinions about the plaintiff's positive impact on the

community. These opinions are not only prohibited by Fed. R. Evid. 701,[2] but amount to character evidence through specific instances of conduct, which is explicitly prohibited by Fed. R. Evid. 608(b).

**Paragraph 8, final sentence:** The witness concludes with another generalized assertion that "the station" – again, no individuals are named – "interfered" with the plaintiff's public appearances outside the station. There is no way to assess whether such a claim is made on the basis of personal knowledge; the witness does not say that he personally observed any such conduct, nor does he otherwise explain the basis for this allegation. The testimony is improper and should be stricken.

3.   **Affidavit of Michael Forbes**

**Paragraph 5:** This paragraph lacks any indication of the basis of the witness's knowledge of the facts alleged.

**Paragraph 9:** The lay opinion in this paragraph is inadmissible.

4.   **Affidavit of Rev. Dr. Wayne A. Carter**

**Paragraph 6:** The lay opinions expressed in this paragraph are both irrelevant and inadmissible for the same reasons as the similar opinions in Mr. Lumpkin's affidavit: they are prohibited by Rules 608(b) and 701.

**Paragraph 7:** This paragraph also consists entirely of Dr. Carter's opinions, here directed at the way he believes Infinity should run its radio station. To the extent he intends to allege facts rather than opinions – his comments on what he believes to have been the "concern" of "management," for example – these allegations are not made on the basis of personal knowledge and so are inadmissible.

**Paragraph 8, first sentence:** The witness does not demonstrate that he is competent to testify about the way that "management" treated station guests as a whole. He is free to relate

---

[2] In particular, Rule 701 limits lay opinions to those that are "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Lumpkin's opinions about the plaintiff's activities satisfy neither of those criteria.

facts about his own experience, as he does in the balance of the paragraph, but his conclusory opinion should be stricken.

5. **Affidavit of James Green**

**Paragraph 4:** Mr. Green's opinion that plaintiff's suggestions were "good" is inadmissible opinion. The rest of this paragraph should be stricken as irrelevant, for two reasons. First, Mr. Green alleges that plaintiff's suggestions were rejected by Kathy Browne; but the plaintiff did not report to Ms. Browne, the sales manager for WZMX, and she had no authority to make decisions concerning his employment. Statements of non-decisionmakers are not probative of discrimination. In any case, Ms. Browne's statement does not indicate any prohibited motive; she is alleged to have told Mr. Green that plaintiff's suggestions were contrary to the station's established procedures. The comment, even if it was made, is accordingly irrelevant.

**Paragraph 5:** Mr. Green's opinions that unspecified "people in the community" "responded positively" to the plaintiff and that that positive effect "upset the station" are lay opinions inadmissible under Rule 701 and character evidence prohibited by Rule 608. They also lack any disclosed factual basis to demonstrate that Mr. Green testifies from personal knowledge. The latter statement does not even identify who at the station allegedly was "upset." He also fails to identify the source of any alleged "policy" that the customer be assigned whichever on-air personality was requested, nor to provide a sufficient factual basis to conclude that he knew what the "policy" was, if there was any policy at all.

**Paragraph 6:** Mr. Green's allegation that a contract of some kind was awarded based on "nepotism" should be stricken as irrelevant. There is no claim relating to nepotism in this case, nor could there be, and the fact – if it is true – that Ms. Browne awarded a contract to her son has nothing to do with allegations of discrimination. Mr. Green does not allege, in fact, that Ms. Browne or her son is of a different race than he is.

**Paragraph 7:** The allegation that Infinity (again, apparently, Ms. Browne) discriminated against him by taking customers away is irrelevant for the same reasons as Mr. Lumpkin's claims, above. Plaintiff has no evidence of any "pattern or practice" of discrimination, and these anecdotes otherwise are inadmissible as irrelevant and highly prejudicial. See, e.g., Fisher, 70 F.3d at 1451; Haskell, 743 F.2d at 121; Schrand, 851 F.2d at 156.

**Paragraph 8:** Mr. Green does not state or otherwise indicate that he has personal knowledge that "the station . . . eliminated JD from the commercials" or that any such decision "adversely affect[ed] turnout for the customer." These speculative and conclusory assertions should be stricken.

**Paragraph 9:** Again, Mr. Green's actions at the instruction of Ms. Browne, who did not supervise the plaintiff, are irrelevant.

**Paragraph 10:** Mr. Green does not allege that he was present when this comment allegedly was made, or otherwise indicate that these are facts of which he has personal knowledge.

**Paragraph 11:** Mr. Green does not explain how he knows that the plaintiff "had no conflicting engagements," and absent some evidence of prohibited motivation his claim that the program director cancelled plaintiff's appearance pursuant to station policy, as alleged, is irrelevant.

**Paragraph 12:** The affidavit again fails to indicate that Mr. Green has personal knowledge of these alleged events.

**Paragraph 13:** Mr. Green closes his affidavit with an inadmissible opinion about Infinity's motives, which should be stricken.

### CONCLUSION

For all of the foregoing reasons, the Court should strike the substantial portions of the affidavits submitted in opposition to summary judgment that offer inadmissible evidence and fail to comply with the requirements of Fed. R. Civ. P. 56(e).

Respectfully submitted,

INFINITY RADIO LICENSE, INC.,
d/b/a WZMX/FM HOT 93.7
VIACOM, INC.
INFINITY BROADCASTING
CORPORATION
INFINITY RADIO, INC.
INFINITY MEDIA CORPORATION
CBS RADIO, INC.,

By their attorneys,

*/s/ Mark W. Batten*

Mark W. Batten [ct24751]
PROSKAUER ROSE LLP
One International Place, 14th Floor
Boston, MA 02110
(617) 526-9850

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by first-class mail, postage prepaid, this 6th day of July, 2004.

*/s/ Mark W. Batten*

Mark W. Batten