UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL "J.D." HOUSTON,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>INFINITY BROADCASTING CORP.;  )<br>INFINITY RADIO LICENSE, INC., d/b/a  )<br>WZMX-FM; VIACOM, INC.; INFINITY  )<br>MEDIA CORP.; and CBS RADIO, INC.,  )<br><br>Defendants.  ) | C.A. No.  3:03-cv-00130-AWT |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants, Infinity Broadcasting Corp., Infinity Radio License, Inc.,

D/B/A WZMX-FM; Viacom, Inc., Infinity Media Corp., and CBS Radio, Inc.,

(collectively "Infinity" or "Defendants"), respectfully request that the Court

instruct the jury on the law as set forth in the attached instructions.

Respectfully submitted,

INFINITY BROADCASTING CORP.; INFINITY RADIO
LICENSE, INC., d/b/a WZMX-FM; VIACOM, INC.;
INFINITY MEDIA CORP.; and CBS RADIO, INC.,

By their attorneys,


/s/Mark W. Batten
Mark W. Batten
Eben A. Krim
Proskauer Rose, LLP
One International Place, 22nd floor
Boston, Massachusetts 02110

Dated: December 12, 2006

**I**

**STATUTORY PROVISIONS[1]**

This lawsuit has been brought under Title VII of the Civil Rights Act of 1964 and the Age Discrimination and Employment Act of 1967, as amended by the Civil Rights Act of 1991.  These statutes provide that it shall be an unlawful employment practice for an employer to discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's gender, race, color, or age.

---

[1]  See 42 U.S.C.A. §§ 2000e to 2000e-17; 29 U.S.C. § 621, et seq.; 42 U.S.C. § 1981a.

5508/76665-001 Current/9132962v6

**II**

**ANTI-DISCRIMINATION STATUTES --- NO SPECIAL TREATMENT[2]**

The anti-discrimination statutes upon which Plaintiff bases his claims in this case are not statutory affirmative action programs. They do not require that persons be accorded preferential treatment because of their age or gender. Plaintiff was not entitled to special consideration because he was older or because he was a man. An employer is not required to hire employees based on their age or sex if they are unable to satisfy the employer's requirements.

---

[2]    *Parcinski v. Outlet Co.*, 673 F.2d 34, 37 (2d Cir. 1982), *cert. denied*, 459 U.S. 1103 (1983); *Gairola v. Virginia Dep't of Gen. Servs.*, 753 F.2d 1281, 1287 (4th Cir. 1985); *Long v. Ford Motor Co.*, 496 F.2d 500, 505 (6th Cir. 1974); *Lewis v. Hill*, No. 97 Civ. 3212, 2005 U.S. Dist. LEXIS 1747, at * 21 (S.D.N.Y. Feb. 1, 2005) (Batts, J.), *Brundage v. Nat'l Broadcasting Co.,* No. 90 Civ. 1730, 1993 U.S. Dist. LEXIS 9901 at * 33 (S.D.N.Y. July 20, 1993) (Mukasey, J.), *DiCola v. Swissre Holding, Inc.*, No. 90 Civ. 3211, 1992 U.S. Dist. LEXIS 11535 at * 20 (S.D.N.Y. June 30, 1992) (Buchwald, J.) *aff'd,* 996 F.2d 30 (2d Cir. 1993), *Pirone v. Home Ins. Co.*, 559 F. Supp. 306, 311 (S.D.N.Y. 1983) (Carter, J.) *aff'd without op.*, 742 F.2d 1430 (2d Cir. 1983); *Logan v. St. Luke's Hosp. Ctr.*, 428 F. Supp. 127, 130 (S.D.N.Y. 1977).

# III

## BUSINESS JUDGMENT[3]

In considering whether Plaintiff has met his burden of establishing that he was intentionally discriminated against or retaliated against because of his race, age or gender, you should keep in mind that the Defendants were entitled to make any policy or business judgments they chose — however unwise, misguided, or unreasonable they may appear to you — so long as the Defendants were not basing their judgment on Plaintiff's race, age or gender.[4] Therefore, you may not return a verdict for the plaintiff just because you might disagree with the actions of the Defendants, or believe such actions to be harsh, inappropriate or unreasonable.[5]  In making business judgments about whether to renew Plaintiff's contract Defendants were entitled to rely on complaints and other information provided to them by others.[6] In assessing the plaintiff's claims of discrimination as against Defendants you should focus on the ***motivation*** of the employer, and not its business

---

[3] 5 HON. LEONARD SAND ET AL., MODERN FEDERAL JURY INSTRUCTIONS, Instruction 88-61 (2005); Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 259 (1981); Dister v. Cont'l Group, Inc., 859 F.2d 1108, 1111 (2d Cir. 1988).

[4] Thornley v. Penton Publ'g, Inc., 104 F.3d 26, 29-30 (2d Cir. 1997); DeMarco v. Holy Cross High Sch., 4 F.3d 166, 170 (2d Cir. 1993); Stanojev v. Ebasco Servs., Inc., 643 F.2d 914, 921-22 (2d Cir. 1981); Wyatt v. Zukerman, No. 93 Civ. 8027, 2005 U.S. Dist. LEXIS 3300 at *39 (S.D.N.Y. Mar. 7, 2005) (Taylor Swain, J.) (citing Dister v. Cont., Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988)).

[5]  See id.; see also Kelley v. Airborne Freight Corp., 140 F.3d 335, 351 n.6 (1st Cir. 1998); Loeb v. Textron, Inc., 600 F.2d 1003, 1012 n.6 (1st Cir. 1979).

[6] Mazzella v. RCA Global Communications, Inc., 642 F. Supp. 1531, 1543 (S.D.N.Y. 1986), *Aff'd without Op.* 814 F.2d 653 (2d Cir 1987); see also Weaver v. Tech Data Corp., 66 F. Supp. 2d 1258, 1265 (M.D. Fla. 1999); Cameron v. Bd. of Educ. of Hillsboro City Sch. Dist., 820 F. Supp. 336, 337 (S.D. Ohio 1993), *Aff'd*, 59 Fed. Appx. 716 (6th Cir. 2003); Mira v. Monroe County Sch. Bd., 687 F. Supp. 1538, 1549 (S.D. Fla. 1988).

judgment.  You must not allow your beliefs or feelings about the fairness or correctness of the Defendants' decisions to enter into your decision-making process.  You are not to decide what you, as an employer, would have done under the same circumstances, or whether you approve of the decision.  Your task is not to judge whether Infinity's actions or inaction was right or wrong or whether they should have acted in a different way, but only whether their acts or omissions were motivated by unlawful discrimination against the plaintiff because of his race, age or gender.[7]

---

[7] Alfano v. Costello, 294 F.3d 365, 378 (2d Cir. 2002); Byrnie v. Town of Cromwell Bd. of Educ., 243 F.3d 93, 103 (2d Cir. 2001); Meng v. Ipanema Shoe Corp., 73 F. Supp. 2d 392, 399 (S.D.N.Y. 1999) (Scheindlin, J.).

# IV

## PLAINTIFF'S CLAIMS – DEFENDANTS' DEFENSES - GENERALLY

The Plaintiff, Wendell "J.D." Houston, alleges that his former employer, Defendant Infinity Broadcasting, violated federal law by discriminating against him on the basis of his race, age and gender.  I will describe the elements of each claim and the defenses to them shortly.

Plaintiff claims that he was treated less favorably than other similarly situated employees at  WZMX, the radio station where he was employed by Defendants, on the basis of his race, age and gender.  Specifically, Mr. Houston contends that he received lower compensation and was disciplined more harshly than other employees who were younger, female, or not African-American.  Mr. Houston also claims that he was subjected to a racially hostile working environment.

Finally, the Plaintiff alleges that the Defendants failed to renew his employment contract for an additional one-year term in 2003 on the basis of his race, gender and age.

Defendants assert that all of their decisions made with respect to Mr. Houston were based on valid business reasons including evaluations of job performance, workplace conduct, interpersonal skills, ability to work well with coworkers, and willingness to take direction from supervisors.  Specifically, Defendants contend that they elected not to exercise an option to renew the plaintiff's employment agreement for a third term after the plaintiff

6

demonstrated a repeated and intractable inability to work cooperatively with his co-host, his supervisors, and other station employees.  Defendants further contend that the two supervisors who initially made the decision to hire the plaintiff as a 49 year-old in 2000, Mr. Salhany and Ms. McDonald, were the same individuals that ultimately made the decision not to renew his contract in 2003.

5508/76665-001 Current/9132962v6

**V**

**PLAINTIFF'S BURDEN OF PROOF –**

**INTENTIONAL RACE, AGE AND GENDER DISCRIMINATION[8]**

To establish his claims of intentional discrimination, it is Mr. Houston's burden to persuade you, by a preponderance of the credible evidence, that the Defendants intentionally discriminated against him because of his race, age or gender by treating him less favorably than other similarly situated employees and by not renewing his employment contract.[9]

Factors such as Plaintiff's poor interpersonal skills, conflicts with coworkers, and inappropriate or disruptive behavior on the job are important and appropriate considerations.[10]  It is Plaintiff's burden to show to you, the jury, that he met all the qualifications deemed necessary or valued by Infinity.[11]  Plaintiff's own subjective belief that he was discriminated against is

---

[8]    5 HON. LEONARD B. SAND *ET AL.*, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 88-26 (2005); TODD J. MACNAMARA & J. ALFRED SOUTHERLAND, FEDERAL EMPLOYMENT JURY INSTRUCTIONS § 1:305 (2005).

[9]    Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, (2000); Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993); Raskin v. Wyatt Co., 125 F.3d 55, 60 (2d Cir. 1997); Grillo v. City Transit Auth., 291 F.3d 231, 234 (2d Cir. 2002); Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 107 (2d Cir. 2001), Holtz v. Rockefeller & Co., 258 F.3d 62, 76 (2d Cir. 2001); Punsal v. Mt. Sinai Servs. of the Mount Sinai Sch. of Med. of N.Y. Univ., No. 01 Civ. 5410, 2004 U.S. Dist. LEXIS 5739, at * 20 (S.D.N.Y. Apr 5, 2004) (Motley, J.), Lynch v. Pathmark Supermarkets, 987 F. Supp. 236, 244 (S.D.N.Y. 1997) (Scheindlin, J.), *aff'd* , 152 F.3d 919 (2d. Cir. 1998), *reported in full at*, No. 97-9350, 1998 WL 425876 (2d Cir. 1998), *cert. denied*, 525 U.S. 938 (1998).

[10]    Das v. Our Lady of Mercy Med. Ctr., No. 00 Civ. 2574, 2002 WL 826877, at *11 (S.D.N.Y. Apr. 30, 2002) (Martin, J.), *aff'd*, 56 Fed. Appx. 12 (2003).

[11]    St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 259-60 (1981); Meiri v. Dacon, 759 F.2d 989 (2d Cir. 1985), *cert. denied*, 474 U.S. 829 (1985); Wyatt v. Zukerman, No. 93 Civ. 8027, 2005 U.S. Dist. LEXIS 3300 at *39-42 (S.D.N.Y. Mar. 7, 2005) (Taylor Swain, J.); Belgrave v. Pena, No. 98 Civ. 2517, 2000 U.S. Dist. LEXIS 13141 at 33-35 (S.D.N.Y. 2000), Aff'd, 254 F.3d 384 (2d Cir. 2001).

not sufficient to meet his burden of proof of age, race, or gender discrimination.[12]  It is not enough for Plaintiff to show his subjective belief, feelings, suspicions or speculation that the legitimate, non-discriminatory reasons stated by Defendants are not genuine.[13]  It also is not enough for Plaintiff to show personality conflict with or dislike by a decision-maker.[14]

The fact that a decision may be based on a subjective assessment of Plaintiff's qualifications or suitability for a particular position does not make the decision intentionally discriminatory.[15]  The Defendants' conduct can be found to be unlawful discrimination only if it was motivated by a discriminatory purpose in making the decisions they did.[16]

---

[12]    See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 518 (1993); Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981); Montana v. First Fed. Sav. & Loan Ass'n, 869 F.2d 100, (2d Cir. 1989); Rivera v. Potter, No. 03 Civ. 1991, 2005 WL 236490, at *5 (S.D.N.Y. Jan. 28, 2005) (Preska, J.); Klier v. Snow, No. 03 Civ. 4508, 2004 U.S. Dist. LEXIS 11153 at *14-15 (S.D.N.Y. June 16, 2004) (Baer Jr., J.).

[13]    Goenaga v. March of Dimes, 51 F.3d 14, 18 (2d Cir. 1995); Soderberg v. Gunther Int'l, Inc., No. 04-0959, 2005 U.S. App. LEXIS 3020 at *6-7 (2d. Cir. Feb. 22, 2005) (unpublished op.).

[14]    Rikhy v. AMC Computer Corp., No. 01 Civ. 7007, 2003 WL 1618529, at *4 (S.D.N.Y. Mar. 27, 2003) (Pauley, J.), aff'd , 95 Fed. Appx. 388 (2004); Ramos v. Marriott Int'l, 134 F. Supp. 2d 328, 342 (S.D.N.Y. 2001) (Conner, J.); Neratko v. Frank, 31 F. Supp. 2d 270, 284-85 (W.D.N.Y. 1998); Van Lawrence v. Shubert Org., Inc., No. 94 Civ. 2591, 1996 WL 10728, at *7 (S.D.N.Y. Mar. 12, 1996) (Preska, J.), aff'd, 112 F. 3d 507, reported in full at, No. 96-7438, 1996 WL 576004 (2d Cir., Oct. 8, 1996).

[15]    See Thornley v. Penton Publ., 104 F.3d 26, 29-30 (2d Cir. 1997) (citing Stanojev v. Ebasco Servs., Inc., 643 F.2d 914, 921-22 (2d Cir. 1981); DeMarco v. Holy Cross High Sch., 4 F.3d 166, 170-71 (2d Cir. 1993); Vara v. Mineta, No. 01 Civ. 9311, 2004 WL 2002932, at *11-12 (S.D.N.Y. Sept. 7, 2004) (Holwell, J.).

[16]    See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000); Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993); Seltzer v. Dresdner Kleinwort Wasserstein, Inc., No. 03 Civ. 5908, 2005 U.S. Dist. LEXIS 1216 at * 31-32 (S.D.N.Y. Jan. 25, 2005) (Chin, J.); Flynn v. Goldman, Sachs & Co., 836 F. Supp. 152, 161 (S.D.N.Y. 1993), Aff'd 48 Fed. Appx. 363 (2d Cir. 2002) (Wood, J.).

In evaluating the testimony, you must remember that the ultimate issue in this case is whether Plaintiff has met his burden of establishing by a preponderance of the credible evidence that his age, race, or gender had a determinative influence on those who made the decisions about his salary, working conditions, and continued employment.[17]  It is not for you to determine whether Mr. Salhany's and Ms. McDonald's reasons for their decisions were wise or unwise, or whether the actions they took were fair or unfair, correct or incorrect.  You are not to substitute your judgment for that of Infinity or Mr. Salhany and Ms. McDonald.  Your sole task is to determine whether the stated reasons were the actual reasons that Infinity, and Mr. Salhany and Ms. McDonald, opted not to renew Plaintiff's employment contract, and that the real reason was discrimination.  The burden of proving intentional discrimination always stays with Plaintiff and it is up to him to prove that his age, race, or gender was the reason for the Defendants' actions.[18]

If you find that Plaintiff has failed to prove that the Defendants intentionally discriminated against him by treating him less favorably and paying him less than other similarly situated employees, or by not renewing his

---

[17]    42 U.S.C. § 2000e-2(a)(1); See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000); Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993); Schnabel v. Abramson, 232 F.3d 83, 90 (2d Cir. 2000); Manessis v. N.Y. City Dep't of Transp., No. 02 Civ. 359, 2003 WL 289969, at *4 (S.D.N.Y. Feb. 10, 2003) (Scheindlin, J.), aff'd, 86 Fed. Appx. 464 (2d Cir. 2004), cert. denied, 125 S. CT 1928 (2005).

[18]    St. Mary's Honor Ctr. v. Hicks, 509 U.S. at 518-19; Soderberg v. Gunther Int'l, Inc., No. 04-0959, 2005 U.S. App. LEXIS 3020 at *6-7 (2d. Cir. Feb. 22, 2005) (unpublished op.); Schnabel v. Abramson, 232 F.3d 83, 90-91 (2d Cir. 2000).

10

employment contract, because of his age, race, or gender, then you will go no further, and you will find for the Defendants on Plaintiff's age, race and gender discrimination claims.

5508/76665-001 Current/9132962v6

## VI

### PRETEXT[19]

Plaintiff argues that Defendants' explanations for their decisions with respect to his employment are untrue — in other words, that they are a pretext designed to conceal the real motive or motives for their actions.  Let me explain to you the manner in which you should approach that contention.  By instructing you on this question of pretext, I am not suggesting to you that I have a belief one way or the other about whether the plaintiff has proved any false statements by the Defendants; I am simply instructing you on the law applicable to plaintiff's contention.

A showing that Defendants' asserted reasons for its action are not the actual reasons may serve as evidence that Defendants' intentionally discriminated, because in some cases, an employer's offer of a false or inaccurate reason is a mask for unlawful discrimination.  Discrimination, however, does not lurk behind every inaccurate statement.  Individual decision-makers may intentionally be evasive about the reason for a decision in order to hide a reason that is non-discriminatory but unbecoming, embarrassing or small-minded, such as institutional politics, envy, nepotism or favoritism for someone else, spite or personal hostility.  In short, even if you were to find that

---

[19]    5 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions, ¶87.02, Instruction 88-37; Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147-48 (2000); St. Mary's Honor Ctr., 509 U.S. at 524; Schnabel, 232 F.3d at, 89; James v. N.Y. Racing Ass'n, 233 F.3d 149, 154 (2d Cir. 2000); Fisher v. Vassar College, 114 F.3d 1332, 1337-38 (2d Cir. 1997) (en banc), cert. denied, 118 S. Ct. 851 (1998); Henkin v. Forest Labs., Inc., No. 01 Civ. 4255, 2003 WL 749236 at *4 (S.D.N.Y. Mar. 5, 2003), Aff'd, 88 Fed. Appx. 478 (*2004) (quoting James v. N.Y. Racing Ass'n, 233 F.3d 149, 154 (2d Cir. 2000)).

the reasons offered by Defendants are false or incomplete, it would not necessarily mean that decision was the product of illegal discrimination.

The significance of a finding of pretext — that is, of a finding that the Defendants' explanations for their actions are untrue or are not the whole story — should you make such a finding -- depends on the circumstances of the case.[20]  It is a piece of circumstantial evidence which you may employ, along with everything else before you, to determine their states of mind.  To the extent that an employer in the Defendants' position would be unlikely to have given a false or incomplete explanation for its actions except to conceal an unlawful discriminatory motive, then a false or incomplete explanation may be evidence of discrimination.  On the other hand, if the circumstances are such that the employer gave a false or incomplete explanation to conceal something other than discrimination, the giving of such an explanation will be less significant.  And if, on examination of the circumstances, there are many possible reasons for the giving of a false or incomplete explanation, stated or unstated, and illegal discrimination is no more likely a reason than others, then a finding of pretext would give minimal support to the Plaintiff's claim of discrimination.

In considering whether Mr. Salhany's or Ms. McDonald's reasons for their actions are a pretext or cover-up for discrimination, Plaintiff's testimony about his own qualifications and performance in the position is

---

[20]     5 HON. LEONARD B. SAND *ET AL.*, MODERN FEDERAL JURY INSTRUCTIONS ¶ 87.01, Instruction 87-27 (2001).

entitled to less weight than the evidence about qualifications and performance presented by the decision-makers.[21]  Similarly, testimony from Plaintiff's colleagues about Plaintiff's qualifications or performance is entitled to less weight than evidence on the same topics presented by the decision-makers.[22]

---

[21]    *See* <u>Ruiz-Valera v. Ass'n of the Bar</u>, No. 00 Civ. 0165, slip op. at 6 (S.D.N.Y. Sept. 24, 2002) (Wood, J.), *aff'd*, No. 02-9359, 2004 U.S. App. LEXIS 2035 (2d Cir. Feb. 9, 2004), *cert. denied*, 125 S.CT 46 (2004) (citing <u>Byrnie v. Town of Cromwell Bd. of Educ.</u>, 243 F.3d 93, 103 (2d Cir. 2001)); <u>Lamb v. Citibank</u>, No. 93 Civ. 2358, 1994 WL 497275, at *7 (S.D.N.Y. Sept. 12, 1994) (Mukasey, J.), *aff'd*, 122 F.3d 1056 (2d Cir. 1995), *cert. denied*, 517 U.S. 1188 (1996).

[22]    <u>Gumbs v. Hall</u>, 51 F. Supp. 2d 275, 282 (W.D.N.Y. 1999), *aff'd*, 205 F.3d 1323 (2d Cir. 2000); <u>Gray v. Robert Plan Corp.</u>, 991 F. Supp. 94, 102 (E.D.N.Y. 1998).

5508/76665-001 Current/9132962v6                                        12/12/2006 04:16 PM

## VII

## RACIAL HARASSMENT - HOSTILE WORK ENVIRONMENT[23]

Plaintiff accuses Defendants of permitting racial harassment in violation of federal law.  In order to succeed on this claim, Plaintiff must persuade you, by a preponderance of the evidence, of <u>all five</u> of the following factors:

- First, that he was intentionally subjected to unwelcome harassment;

- Second, that the harassment was based upon his race;

- Third, that the harassment was sufficiently severe and pervasive to interfere with his work performance or create a hostile or offensive working environment;

- Fourth, that management level employees of Infinity either knew or should have known of the harassment; and

- Fifth, that management level employees of Infinity failed to take prompt remedial action to address the harassment.

Unwelcome harassment means conduct that is uninvited and offensive or unwarranted.

Indiscriminate, even-handed use of offensive language toward both minority and non-minority employees is not alone discriminatorily hostile.  Liability on this claim requires more than mere utterance of an offensive remark.  There is no mathematically precise test for determining whether words and gestures meet the standard.  Instead, you must consider the evidence as a whole and the totality of the circumstances, such as the nature of the conduct and the context in which it occurred.

---

[23] Adapted from Federal Employment Jury Instructions, Todd J. McNamara and J. Alfred Southerland, 2006, § 3:385.10.

12/12/2006 04:16 PM

Plaintiff must prove that both of two consequences resulted from any unwelcome harassment because of his race:

*First*, that because of his race, he confronted an objectively hostile work environment at WZMX – in other words that the conduct in question was either so severe or so pervasive that it created an environment that a reasonable person would find hostile or abusive; and

*Second*, that the plaintiff himself actually perceived the work environment to be hostile or abusive because of his race.

On the first item, you may consider, among other things, the frequency of the conduct, its severity, whether it was physically threatening or humiliating or whether it was a mere offensive occurrence, and whether it unreasonably interfered with the Plaintiff's work performance.  In order to be considered severe and pervasive, the conduct cannot consist of trivial or isolated remarks and incidents, or simply coarse, rude, or boorish behavior.[24] A plaintiff must be able to show more than a "mere utterance of an...epithet which engenders offensive feelings in an employee," as this "does not sufficiently affect conditions of employment."[25]

If Plaintiff satisfies you, by a preponderance of the evidence, of the requirements I have listed, then you should consider Defendants' affirmative

---

[24]  Federal Employment Jury Instructions, Todd J. McNamara and J. Alfred Southerland, 2006 Supplement §1:820, 830, citing Gaskins v. BFI Waste Servs., No. Civ.A. 02-1832, 2005 WL 1667737, at *4-5 (E.D. Va. June 17, 2005); Carter V. Rosenberg & Estis, P.C., 1998 U.S. Dist. LEXIS 4010 (S.D.N.Y. 1998).

[25]  Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993).

defense.  To prevail on their affirmative defense, Defendants must prove both of the following:

First, that they exercised reasonable care to prevent and promptly correct racially harassing behavior; and

Second, that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities that Defendants provided.


If you find that Defendants have proven both of these, by a preponderance of the evidence, your verdict must be for the Defendants on this claim.  Otherwise, your verdict will be for Plaintiff.

# VIII

## DAMAGES[26]

Members of the jury, the fact that I will instruct you on the issue of damages should not be considered as indicating any view of mine as to which party is entitled to a verdict in this case.  Instructions concerning damages are given for your guidance in the event you should find in favor of the Plaintiff by a preponderance of the evidence in accordance with all of the instructions I have given you.  It is for you to decide based on the evidence presented and the rules of law I have given you whether Plaintiff has met his burden of proof.  If you decide that Plaintiff has not proved by a preponderance of the evidence that he was discriminated against on the basis of age, race, or gender then you must find in favor of Infinity, and you must return your verdict at that point.  Only if you decide that Plaintiff has proven by a preponderance of the credible evidence that he was discriminated against on the basis of age, race, or gender are you to consider the measure of damages.

Plaintiff is not entitled to a duplicate award of damages if you find that Plaintiff established two or more of his claims based on the same

---

[26]     4 HON. LEONARD B. SAND *ET AL.*, MODERN FEDERAL JURY INSTRUCTIONS ¶ 77.01(1), Instruction 77-1 (2004); Grant v. Bethlehem Steel Corp., 622 F.2d 43, 47 (2d Cir. 1980); EEOC v. Enter. Ass'n Steamfitters Local No. 638, 542 F.2d 579, 592 (2d Cir. 1976), *cert. denied*, 430 U.S. 911 (1977); Baty v. Willamette Indus., 172 F.3d 1232, 1243-44 (10th Cir. 1999); Linn v. Andover Newton Theological Sch., 874 F.2d 1, 6 (1st Cir. 1989);  Laugesen v. Anaconda Co., 510 F.2d 307, 317-18 (6th Cir. 1975);  Proulx v. Citibank, N.A., 681 F. Supp. 199, 205 (S.D.N.Y. 1988) (Mukasey, J.), *aff'd without op.*, 862 F.2d 304 (2d Cir. 1988).

employment action.  He may not recover more than the actual amount of

damages he suffered from such event or events.

5508/76665-001 Current/9132962v6

## IX

## DAMAGES – SPECULATION [27]

You may not speculate on damages.  It is only actual damages that the law recognizes.  The amount of your verdict must be based upon the evidence presented.  You are not to award Plaintiff speculative damages, meaning damages that, although possible, are remote, conjectural or the product of guesswork.  If Plaintiff fails to prove by a preponderance of the credible evidence the amount of damages he claims, you may not simply guess as to the amount of damages. You may not award damages for any future loss, only for actual lost wages and benefits.[28]

---

[27]    Dominic v. Consol. Edison Co., 822 F.2d 1249, 1257-58 (2d Cir. 1987).

[28]    Defendants do not believe the jury should be charged on front pay, emotional distress damages or punitive damages.

**X**

**BACK PAY[29]**

If you should find that plaintiff has met his burden of proving by a preponderance of the evidence that Infinity has illegally discriminated against him on the basis of his race or gender, you may award him what is known as back pay.  Back pay is comprised of salary and fringe benefits that the plaintiff would reasonably have earned had he remained in Infinity's employ.  However, you should decrease this amount by any earnings and benefits received by the plaintiff from another employer since the date of the adverse employment action.  It is at all times plaintiff's burden to prove, first that he is entitled to damages, and second, the amount of such damages.

In the event that you find that Plaintiff is entitled to an award of back pay, your award may cover a period beginning no earlier than the date of Plaintiff's termination – and ending no later than [verdict date].

If you find that Plaintiff would not have remained in Infinity's employ until the present, you may award back pay to plaintiff only for the period that you determine he would have remained in Infinity's employ.  More specifically, if you find that Plaintiff's un-renewed contract with Defendants would have terminated for non-discriminatory reasons one year after his actual last day of

---

[29] Derived from *Federal Employment Jury Instructions*, Todd J. McNamara and J. Alfred Southerland, §2:120; Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 48 (2d Cir. 1984); Maturo v. National Graphics, Inc., 722 F. Supp. 916, 925 (D. Conn. 1989); Meschino v. Int'l Tel. & Tel. Corp., 661 F. Supp. 254, 256 57 (S.D.N.Y. 1987) (Kram, J.); EEOC v. Kallir, Philips, Ross, Inc., 420 F. Supp. 919, 925 (S.D.N.Y. 1976) (Weinfeld, J.), aff'd without op., 559 F.2d 1203 (2d Cir.), cert. denied, 434 U.S. 920 (1977).

employment, you should not award back pay beyond that contractual end date.[30]

A back pay award should not make a complainant more than whole.

---

[30] <u>Raimondo v. AMAX, Inc.</u>, 843 F. Supp. 806, 809 (D. Conn. 1994) *citing* <u>Bonura v. Chase Manhattan Bank, N.A.</u>, 629 F. Supp. 353, 356 (S.D.N.Y. 1986) ("A plaintiff 'may not recover damages for [a] period beyond which [he] would have been terminated for a nondiscriminatory reason"); <u>see also</u> <u>Association Against Discrimination v. City of Bridgeport</u>, 647 F.2d 256, 289 (2d Cir. 1981) (period for backpay award ended on date nondiscriminatory reason made aggrieved party ineligible for job), *cert. denied*, 455 U.S. 988 (1982).

5508/76665-001 Current/9132962v6

# XI

## PLAINTIFF'S DUTY TO MITIGATE DAMAGES

The plaintiff has an affirmative duty to limit his damages for lost wages by actively seeking, and accepting, employment for which he is qualified.[31] This is called mitigation of damages. This means that in order for him to recover back pay, the plaintiff cannot sit idly by and let his damages accumulate, but rather must use reasonable diligence in finding other suitable employment. Assuming the plaintiff does find other employment, as he did in this case, the Defendants are entitled to offset whatever earnings and benefits he obtained at his new employment against the amount, if any, that defendants owe him, in order to make him whole. The plaintiff's obligation to mitigate his damages also requires that he seek comparable employment. Therefore, if you find that plaintiff's employment was not comparable to his position with Defendants in terms of salary and benefits, and that plaintiff did not exercise reasonable efforts to obtain such a comparable position, you should consider this difference in deciding whether the plaintiff has fully mitigated his damages.[32] You should therefore reduce any back pay award to the plaintiff by the amount

---

[31] *Federal Employment Jury Instructions*, Todd J. McNamara and J. Alfred Southerland, 2006 Supplement §1:1340; Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32, 238-41; Wills-Hingos v. Raymond Corp., 104 Fed. Appx. 773, 775 (2d Cir. 2004); Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 696 (2d Cir. 1998); Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53 (2d Cir. 1998); Dailey v. Societe Generale, 108 F.3d 451, 456 (2d Cir. 1997).

[32] Palma v. Pharmedica Communs., Inc., 2003 U.S. Dist. LEXIS 21227 (D. Conn. 2003) citing Rivera v. Baccarat, 34 F. Supp. 2d 870, 878 (S.D.N.Y. 1999) ("plaintiff has now worked at Bloomingdale's for two years for significantly lower wages and benefits than she received at Baccarat, yet she has presented no evidence that she has made any further efforts to secure more comparable employment").

that he earned, or could have earned, in wages and benefits from his subsequent or other comparable employers.

A back pay award should not make a complainant more than whole.

**XII**

**EMOTIONAL DISTRESS DAMAGES**

**Defendants contend that the jury should not be charged on emotional distress.  However, if the Court rejects this position and rules that the jury may consider emotional distress damages, then Defendants request that the Court charge the jury as follows[33]:**

The Plaintiff claims that he suffered emotional distress as a result of Infinity's conduct.

If you find that the Plaintiff has been discriminated against by Infinity, you may then award him reasonable damages for his emotional distress. Emotional distress includes mental pain, discomfort, indignity, depression, fear, anxiety, or humiliation suffered as a result of the discrimination.  Your award, if any, however, cannot be based on speculation, sympathy, bias, passion or prejudice on your part.  Damages should be awarded only if you find that the plaintiff has proved that he suffered emotional distress and has introduced evidence from which you can make an informed judgment as to the existence, nature, duration and seriousness of the alleged distress.  You may only compensate the plaintiff for emotional distress that you find a reasonable person would have suffered under the circumstances.

You may not award plaintiff damages for any emotional distress caused by other factors such as personal or family difficulties, medical problems, or

---

[33] Emotional Distress damages are not available under the ADEA.  See e.g., Meyers v. I.B.M. Corp., 335 F. Supp. 2d 405, 411 (S.D.N.Y. 2004) *citing* Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 147 (2d Cir. 1984) ("In the case of a non-wilful violation, the ADEA allows for reinstatement and recovery of back pay....In the case of a willful violation, the ADEA allows liquidated damages or double damages, which are punitive in nature. However, the ADEA does not allow plaintiffs to recover for emotional distress, pain and suffering, or any other type of non-economic damage.").

actions taken by the Defendants that were not unlawful.  You also may not award plaintiff emotional distress damages based on his participation in this legal proceeding.[34]  The purpose of an emotional distress award is to compensate plaintiff for the actual mental or emotional injuries he suffered, if any, as a direct result of the unlawful conduct of Defendants, and not distress suffered because of other matters.

If the plaintiff has not proven by a preponderance of the evidence that any emotional distress he suffers was directly attributable to unlawful conduct of the defendants, then you must not award any emotional distress damages.[35]

In order to recover damages for mental and emotional distress, Plaintiff must present credible testimony with respect to the claimed mental anguish and corroboration, either by competent medical proof or by the circumstances of the case.  There must be some evidence of the magnitude of the injury, to assure that any compensatory damages are neither punitive nor arbitrary.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from

---

[34] <u>Blakey v. Continental Airlines, Inc.</u>, 992 F. Supp. 731, 736 (D.N.J. 1998) (plaintiff barred from recovering for stress caused "due to the contentiousness of [the] litigation"); <u>Gore v. Turner</u>, 563 F.2d 159, 164 (5th Cir. 1977) ("an award for emotional harm is warranted only if thise is sufficient causal connection between the respondent's illegal actions and the complaining party's injury.").

[35] <u>Pembaaur v. City of Cincinnati</u>, 745 F.Supp. 466, 457 (S.D. Ohio 1990).

the facts in evidence.  You may not award damages based on sympathy, speculation, or guess work.[36]

---

[36]  U.S.C. § 1981a (2002); <u>Annis v. Westchester</u>, 136 F.3d 239, 249 (2d Cir. 1998); <u>McIntosh v. Irving Trust Co.</u>, 887 F. Supp. 662, 665 (S.D.N.Y. 1995) (Koeltl, J.); 3 Hon. Edward J. Devitt, *et al.*, *Federal Jury Practice and Instructions* § 104.06 (4th ed. Supp. 2000).

# XIII

## NOMINAL DAMAGES[37]

If you find, after considering all the evidence presented, that the plaintiff

has met his burden of proving by a preponderance of the evidence that

defendants unlawfully discriminated against him, but that the plaintiff suffered

no injury as a result of this violation or breach, you may award the plaintiff

"nominal damages," such as damages of one dollar.  "Nominal damages" are

awarded as recognition that the plaintiff's rights have been violated. You would

award nominal damages if you conclude that the only injury that a plaintiff

suffered was the deprivation of his legal rights, without any resulting physical,

emotional or financial damage.  You may also award nominal damages if you

find that the proven damages are so insignificant as not to be susceptible to

reasonable translation into dollars.

You may also award nominal damages if, upon finding that some injury

resulted from a given unlawful act, you find that you are unable to compute

monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to a

plaintiff; either he was measurably injured, in which case you must award

---

[37]  4-77 Modern Federal Jury Instructions-Civil P 77.01, Instruction 77-6 (Matthew Bender 2005); See also, Romano v. U-Haul Int'l, 233 F.3d 655 (1st Cir 2000); Magnett v. Pelletier, 488 F.2d 33, 35 (1st Cir. 1973); Harper V. Metropolitan Dist. Comm'n, 134 F. Supp. 2d 470 (D. Conn. 2001); Fort V. White, 1975 U.S. Dist. LEXIS 13378 (D. Conn. 1975).

compensatory damages, or else he was not, in which case you may award nominal damages.

Nominal damages may not be awarded for more than a token sum, such as one dollar.

## XIV

## PUNITIVE DAMAGES

**Defendants contend that the evidence does not permit a reasonable jury to find that it engaged in conduct for which punitive damages may be awarded under applicable law.  If the Court rejects this position and rules that the jury may consider punitive damages, then Defendants request that the Court charge the jury as follows[38]:**

In addition to compensatory and nominal damages described in the earlier instructions, the law permits the jury under limited circumstances to award punitive damages.  If you find for Plaintiff and find from a preponderance of the evidence that the acts of Infinity were undertaken maliciously or in reckless disregard for Plaintiff's right to be free from discrimination, then you may award Plaintiff such punitive damages.  Punitive damages are different from compensatory damages. Unlike compensatory damages, which compensate the victim for the harm he has suffered, the purpose of punitive damages is to punish the defendant for conduct that is outrageous because of the defendants' evil motive or reckless indifference to the rights of others. Punitive damages are intended to serve as an example or

---

[38] The ADEA in particular does not provide for the recovery of punitive damages in the usual sense. Boise v. N.Y. Univ., 2003 U.S. Dist. LEXIS 18639 (D.N.Y. 2003) ("The [ADEA] does not provide for punitive damages. Rather it permits remedies such as back pay, front pay, and reinstatements) *citing* Hatter v. Fulton, 1997 U.S. Dist. LEXIS 10429, 1997 WL 411623 at *6 (S.D.N.Y. 1997), *aff'd*, 165 F.3d 14 (2d Cir. 1998) (summary judgment dismissing ADEA claim affirmed, citing C.I.R. v. Schleier, 515 U.S. 323 (1995), and Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146-48 (2d Cir. 1984)).  However, liquidated damages, punitive in nature, may be available for willful violations under the ADEA. See McGinty v. New York, 193 F.3d 64, 70-71 (2d Cir. 1999)(the ADEA's added liquidated damages may fairly be characterized as punitive in nature because they are designed to deter willful violations of the ADEA rather than compensate the victim).

warning to other defendants not to engage in conduct of the types just described.

Punitive damages are designed to punish a defendant for conduct only where the defendants' wrongdoing has been intentional and deliberate, and has the character of outrage frequently associated with a crime.  There must be circumstances of aggravation or outrage, such as spite or malice or a fraudulent or evil motive on the part of the defendant such that the conduct may be called willful or wanton.

If you do award punitive damages, you should do so using calm discretion and sound reason.  Sympathy for or dislike of any party should not influence your decision.[39]

---

[39]  Derived from *Federal Employment Jury Instructions*, Todd J. McNamara and J. Alfred Southerland, 2006 Supplement §1:1310, 1330 and 3 Devitt, Blackmar & Wolf. Federal Jury Practice and Instructions, §§ 104.07, 105.03 (4th ed. 1987).  See also, TXO Prod. Corp. v. Alliance Res. Corp., 509 U.S. 443, 459-62 (1993); Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 15-20 (1991); Meyers v. I.B.M. Corp., 335 F. Supp. 2d 405, 411 (S.D.N.Y. 2004) *citing* Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 147 (2d Cir. 1984) ("In the case of a non-wilful violation, the ADEA allows for reinstatement and recovery of back pay....In the case of a willful violation, the ADEA allows liquidated damages or double damages, which are punitive in nature); Danco, Inc. v. Wal-Mart Stores, Inc., 178 F.3d 8, 17 (1st Cir. 1999) ("The standard for punitive damages [under Title VII] is drawn from Smith v. Wade, 461 U.S. 30, 56 (1983), where the Court said that the plaintiff must show that the defendant acted with "evil motive or intent" or with "reckless or callous indifference" to the plaintiff's federally protected rights); Chavez v. Thomas & Betts Corp., 396 F.3d 1088, 1098 (10th Cir. 2005) (in order to award punitive damages, the jury had to find that the acts of the Defendants were with a wanton disregard of the Plaintiff's rights, or that the acts were reckless, or oppressive, or maliciously intentional); Gaskins v. BFI Waste Servs., 2005 WL 1667737, at *4-5 (E.D. Va. June 17, 2005); Prosser & Keeton, *The Law of Torts*, (5th Ed. 1989, §2); Restatement (Second) of Torts § 908(2) (1979).

31

## XV

## SAME ACTOR INFERENCE[40]

It is undisputed that Operations Manager Steven Salhany, in consultation with Senior Vice President Suzanne McDonald, first decided to hire Mr. Houston as a host of the morning show at WZMX when Mr. Houston was 49 years old. If you find that Mr. Salhany and Ms. McDonald are also the people who decided not to renew Mr. Houston's contract for employment, those facts strongly suggest that the Defendants did not discriminate against Mr. Houston and you should infer that that decision was for reasons other than race, age or gender.

---

[40] Schnabel v. Abramson, 232 F.3d 83, 91 (2d Cir. 2000) (applying the presumption where plaintiff had been hired three years before termination by same individuals); Carlton v. Mystic Transp., Inc., 202 F.3d 129, 137 (2d Cir. 2000) ("When the same actor hires a person already within a protected class, and then later fires that same person, it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire"); Grady v. Affiliated Cent., Inc., 130 F.3d 553, 560 (2d Cir. 1997) (facts showing that the same individual(s) both hired and fired the plaintiff "strongly suggest that invidious discrimination was unlikely"); Fago v. City of Hartford, 2006 U.S. Dist. LEXIS 14911 (D. Conn. 2006) ("because Chief Marquis made the decision to promote Fago to lieutenant and also made the decision to demote him, it is difficult to impute an invidious motive to his decision"); Choate v. Transp. Logistics Corp., 234 F. Supp. 2d 125 (D. Conn. 2002); Aragie Wolde-Meskel v. Argus Community, Inc., 86 Fair Empl. Prac. Cas. (BNA) 1378, 1384 (S.D.N.Y. 2001) ("Such a circumstance...not only fails to give rise to but in fact detracts from an otherwise supportable inference of discrimination.").