UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WENDELL "J.D." HOUSTON,

Plain tiff,

v.

C.A. No. 3:03-cv-00130-AWT

INFINITY BROADCASTING CORP.;
INFINITY RADIO LICENSE, INC., d/b/a
WZMX-FM; VIACOM, INC.; INFINITY
MEDIA CORP.; and CBS RADIO, INC.,

Defendants.

## NOTICE OF SUBPOENA

**PLEASE TAKE NOTICE THAT,** pursuant to Fed. R. Civ. Proc. 45, Defendants, Infinity Broadcasting Corp., Infinity Radio License, Inc., D/B/A WZMX-FM; Viacom, Inc., Infinity Media Corp., and CBS Radio, Inc., (collectively "Infinity" or "Defendants"), by and through their attorneys Proskauer Rose LLP, have subpoenaed the documents described on the attached subpoenas at the offices of Proskauer Rose LLP at One International Place, Boston, MA 02110-2600.

Copies of the subpoenas are attached to this Notice.

Dated:      November 30, 2007 Boston,
Massachusetts

Mark W. Batten
Eben A. Krim
One International Place
Boston, MA 02110-2600 (61
7) 526-9600 Attorneys for
Defendants

PROSKAUER ROSE LLP

~A 088 (Rev. *12/06)* Suhnoena in a Civil Ca.c;e .

Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN    DISTRICT OF    TEXAS

WENDELL "JD" HOUSTON

V. INFINITY RADIO LICENSE INC., ET

AL.

SUBPOENA IN A CIVIL CASE

Case Number: 1 3:03cv0130(A WT)

DISTRICT OF CONNECTICUT

TO: GENERAL MANAGER: EDDIE MARTINY
KHMX-FM
2000 West Loop South City
Houston, TX 77027

o **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

O **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

~ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT IIEXHIBIT AII

| PLACE    PROSKAUER ROSE LLP<br>One International Place, 22nd Floor, Boston, MA 02110 | DATE AND TIME<br>12/14/2007 |
|---|---|

o **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'SS<br>OFFICER/SISIGNA TURE AND TITLE (INDICA TE IF A TIORNEY FOR PLAINTIFF OR DEFENDANT) I DATE | 11/30/2007 |
|---|---|

I-UING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eben A. Krim, Esq. (617) 526-9624
Proskauer Rose, LLP, One International Place, 22nd Floor, Boston, MA 02110

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

ı If action is pending in district other than district of issuance, state district under case number.

A~R8 (Rev. *12/06*) Su~noena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (pRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (pRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty ofperjury under the laws ofthe United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

|  | DATE | SIGNATURE OF SERVER |
|---|---|---|
|  |  | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1,2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(I) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) ofthis rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all ofthe designated materials or inspection ofthe premises ~ or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion,the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c )(3)(B)(iii) ofthis rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(8) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party. or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description ofthe nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure ofany person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey e1tists when a subpoena purports to require a nonparty 10 attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

A
I
2
P
e
n
d
i
x

A

**INST
RUC
TIO
NS**

1. In producing these docutnents, you ar~ required to furnish

all docum.ents known or ~vailable to you regardless of-whether the docutnents

are possessed: directly by you; by your agents, employees, representatives or

investigators; by your present or former attorneys; or by their

agents,

employees,       representatives       or
investigators.

2. If any of the doculTIents cannot be produced in full, produce

to the extent possible, specifying the reasons for the inability to produce
the

r
e
m
.
a
i
n
d
e
r
.

## DESCRIPTION OF DOCUMENTS TO BE PRODUCED

1. All doculllents, inclu.ding personnel files, writings, nqtes,

notations, ll1ellloranda, correspondence, cOll1plaints, pleadings, "post-it" notes

or other attachments to documents, relating to the employment history of, and

any legal proceedings, charges or complaints (whether internal or external)

involving Wendell "JD" Houston, a former employee of KHMX (mix 96.5) in

Houston, Texas, during the approxill1ate period 1992-1993.

~A 088 (Rev 12/06) Subpoena in a CiviJ Case

Issued by the

## UNITED STATES DISTRICT COURT

SOUTHERN                    DISTRICT OF                    TEXAS

WENDELL "JD" HOUSTON                    SUBPOENA IN A CIVIL CASE

V.

INFINITY RADIO LICENSE INC., ET

AL.                                    Case Number:] 3:03cv0130(A WT)

                                       DISTRICT OF CONNECTICUT

TO: CHUCK JEWELL, General Manager
      KKHT-FM 100.7
      6161 Savoy, Suite 1200
      Houston, Texas 77036

o YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

O  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

@' YOU ARE COMMANDED to produce and permit inspection and copying ofthe following documents or objects at the
    place, date, and time specified below (list documents or objects):

    SEE ATTACHMENT "EXHIBIT A"

| PLACE | DATE AND TIME |
|---|---|
| PROSKAUER ROSE LLP | |
| One International Place, 22nd Floor, Boston, MA 02110 | 12/14/2007 |

o YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or
        managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
        matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SI

_____    GNA TURE AND TITLE (INDICATE IF A TIORNEY FOR PLAINTIFF OR DEFENDANT) I DATE          11/30/2007

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER          DEFAL t ~  ~
Eben A. Krim, Esq. (617) 526-9624
Proskauer Rose, LLP, One International Place, 22nd Floor, Boston, MA 02110

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e). on next page)

I Ifaclion is pending in dislricl olher lhan dislricl of issuance, slale dislricl under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SER VED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjuryunder the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

|  | DATE | SIGNATURE OF SERVER |
|---|---|---|
|  |  | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1,2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all ofthe designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuanto an order ofthe court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c )(3 )(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure ofa trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information nol describing specific events or occurrences in dispute and resulting from the expert's study made no! at the request of any party, or

(iii) requires a person who is not a party or an officer ofa party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, ifthe party in whose behalf the subpoena is issu(:d shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a fonn or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources ifthe requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature ofthe documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the infonnation until the claim is resolved.

(e) CONTL:MPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports 10 require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Appendix A

## INSTRUCTIONS

1.    **In** producing these documents, you are required to furnish all documents known or available to you regardless of whether the documents are possessed: directly by you; by your agents, employees, representatives or investigators; by your present or former attorneys; or by their agents, employees, representatives or investigators.

2. **If** any of the documents cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder.

## DESCRIPTION OF DOCUMENTS TO BE PRODUCED

1. All documents, including personnel files, writings, notes, notations, memoranda, correspondence, complaints, pleadings, "post-it" notes or other attachments to documents, relating to the employment history of, and any legal proceedings, charges or complaints (whether internal or external) involving Wendell "JD" Houston, a former employee of, or contractor for, KKHT radio in Houston, Texas, during the approximate period 1993-1995.

~A088 (Rev '12/06) Snbnoena in a CiviJ Case

Issued by the

# UNITED STATES DISTRICT. COURT

SOUTHERN       DISTRICT OF       TEXAS

WENDELL "JD" HOUSTON       **SUBPOENA IN A CIVIL CASE**

V.

INFINITY RADIO LICENSE INC., ET AL.

Case Number: I 3:03cv0130(A WT)

DISTRICT OF CONNECTICUT

TO: General ManagerNice President
    KBXX-FM 97.9
    24 Greenway Plaza, Suite 900
    Houston, Texas 77046

O YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

O YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

~ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

    SEE ATTACHMENT "EXHIBIT A"

| PLACE | DATE AND TIME |
|---|---|
| PROSKAUER ROSE LLP One International Place, 22nd Floor, Boston, MA 02110 | 12/14/2007 |

o YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. .

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) I DATE

*[signature]* I attorney for defendants      11/30/2007

IS-ING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eben A. Krim, Esq. (617) 526-9624
Proskauer Rose, LLP, One International Place, 22nd Floor, Boston, MA 02110

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

I If action is pending in district other than district of issuance, state district under case number.

A088 (Rev *12/06*) Sllbnoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws ofthe United States of America that the foregoing infonnation contained in the Proof of Service is true and correct.

Executed on

|  | DATE | SIGNATURE OF SERVER |
|---|---|---|
|  | | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions ( c), (d), and ( e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(I) A party or an attorney responsible for the issuance and service ofa subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all ofthe designated materials or inspection ofthe premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order ofthe court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modifY the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer ofa party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c )(3)(B)(iii) ofthis rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(Hi) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure ofa trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may. to protect a person subject

to or affected by the subpoena, quash or modifY the subpoena or, if the party in whose behalf the subpoena is issuei:l shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(I) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course ofbusiness or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specifY the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources ifthe requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and must not use or disclose the information until ihe claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse 10 obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce al a place nol within (he limits provided by clause (ii) of subparagraph (c)(3)(A).

<u>Appendix A</u>

**INSTRUCTIONS**

1.      In producing these documents, you are required to furnish all documents known or available to you regardless of whether the documents are possessed: directly by you; by your agents, employees, representatives or investigators; by your present or former attorneys; or by their agents, employees, representatives or investigators.

2. If any of the documents cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder.

**DESCRIPTION OF DOCUMENTS TO BE PRODUCED**

1. All documents, including personnel files, writings, notes, notations, memoranda, correspondence, complaints, pleadings, "post-it" notes or other attachments to documents, relating to the employment history of, and any legal proceedings, charges or complaints (whether internal or external) involving Wendell "JD" Houston, a former employee of both KFMK (1982-1990) and KBXX (1990-1992,1995-1997) in Houston, Texas.

~A 088 (Rev 12/06) Subpoena in a Civil Ca.c:e

Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN                    DISTRICT OF                      TEXAS

WENDELL "JD" HOUSTON                    SUBPOENA IN A CIVIL CASE

V.

INFINITY RADIO LICENSE INC., ET AL.          Case Number:] 3:03cv0130(AWT)

DISTRICT OF CONNECTICUT

TO: MARK KRIESCHEN, General ManagerNP
    KHTC-FM
    1990 Post Oak Boulevard, #2300
    Houston, Texas 77056

O  YOU ARE COMMANDED  to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

O  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

~  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    SEE ATTACHMENT "EXHIBIT A"

| PLACE   PROSKAUER ROSE LLP<br>One International Place, 22nd Floor, Boston, MA 02110 | DA TE AND TIME<br>12/14/2007 |
|---|---|

O  YOU ARE COMMANDED  to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SI<br>GNA TURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _signature_  attorney for ~ | 11 /30/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eben A. Krim, Esq. (617) 526-9624
Proskauer Rose, LLP, One International Place, 22nd Floor, Boston, MA 02110

(See Rule 45, Federal Rules of Civil Procedure. Subdivisions (c), (d), and (e), on next page)

ɪ If action is pending in district other than district of issuance, state district under case number.

A088 (Rev 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

|  | DATE | SIGNATURE OF SERVER |
|---|---|---|
|  |  | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1,2006:

(c)    PROTECTION    OF    PERSONS    SUBJECT    TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service ofasubpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(8) Subject to paragraph (d)(2) ofthis rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all ofthe designated materials or inspection ofthe premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party crom significant expense resulting crom the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena ifit

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c )(3)(8)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(8) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by t1]e subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(I) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(8) I f a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information crom sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person crom whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery crom such sources ifthe requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(8) I f information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court crom which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

<u>Appendix A</u>

**INSTRUCTIONS**

1. In producing these documents, you are required to furnish all documents known or available to you regardless of whether the documents are possessed:. directly by you; by your agents, employees, representatives or investigators; by your present or former attorneys; or by their agents, employees, representatives or investigators.

2. If any of the documents cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder.

**DESCRIPTION OF DOCUMENTS TO BE PRODUCED**

1. All documents, including personnel files, writings, notes, notations, memoranda, correspondence, complaints, pleadings, "post-it" notes or other attachments to documents, relating to the employment history of, and any legal proceedings, charges or complaints (whether internal or external) involving Wendell "JD" Houston, a former employee of KLDE radio (107.5) in Houston, Texas, during the approximate period 1997-2000.