UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL "J.D." HOUSTON, )<br>)<br>        Plaintiff, )<br>)<br>    v. )<br>)<br>INFINITY BROADCASTING CORP.; )<br>INFINITY RADIO LICENSE, INC., d/b/a )<br>WZMX-FM; VIACOM, INC.; INFINITY )<br>MEDIA CORP.; and CBS RADIO, INC., )<br>)<br>        Defendants. )<br>) | C.A. No. 3:03-cv-00130-AWT<br><br><br>December 11, 2007 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH THIRD-PARTY SUBPOENAS**

Defendants Infinity Broadcasting Corporation, et al. ("Infinity") respectfully oppose plaintiff Wendell Houston's motion to quash third-party subpoenas that Infinity recently served. Houston has no standing to object to the subpoenas, and in any case they were properly served and seek information directly relevant to issues in this case.

1. <u>Houston lacks standing to move to quash, and has filed the motion in the wrong court.</u> A party ordinarily lacks standing to seek to quash a subpoena directed to a nonparty. 9A Wright and Miller, <u>Federal Practice and Procedure: Civil</u> 2d §2459, at 41 (2d ed. 1995); <u>Nova Products, Inc</u>. v. <u>Kisma Video, Inc</u>., 220 F.R.D. 238, 241 (S.D.N.Y. 2004). Such motions are available to the third party, who may object on grounds of burden or other reason, under Fed. R. Civ. P. 45(c); but even then the motion is to be directed to the court where the subpoena issues – in this case the Southern District of Texas – not the court in which the action is pending. See Fed. R. Civ. P. 45(c)(1) ("The court *on behalf of which the subpoena was issued* shall enforce this duty [to

avoid undue burden]"), 45(c)(3)(A) ("On timely motion, the court *by which a subpoena was issued* shall quash or modify the subpoena if . . .") (emphasis added); 9A Federal Practice and Procedure §2459 at 40-41.

     2.    <u>The subpoenas do not invade the plaintiff's privacy</u>.  The sole exception to the rule that parties lack standing to challenge a third-party subpoena is to enforce a personal right or privilege in the materials.  <u>Nova Products</u>, 220 F.R.D. at 241; <u>Zhou v. Pittsburg State University</u>, 2002 WL 1932538 (D. Kan. 2002).  Plaintiff's personnel files from prior employment are not subject to any recognized privilege, such as the attorney-client privilege or the work product doctrine.  In any case, Houston has waived any confidentiality interest in his former personnel files by filing an action alleging employment discrimination.  See <u>Maxwell v. Health Center of Lake City, Inc.</u>, 2006 WL 1627020 (M.D. Fla. 2006) ("While it is arguable that Plaintiff has standing to object to the non-party subpoenas based on her personal right regarding the materials subpoenaed [which, as here, were personnel information], the Court notes that she may have waived such rights by the very nature of her allegations against Defendant.").

     Further, even assuming that Houston has a cognizable confidentiality interest in limiting dissemination of his old personnel files, "confidentiality does not equate to privilege."  <u>Zhou</u>, 2002 WL 1932538 at *2 (denying defendant's motion to quash a third-party subpoena seeking EEOC files, including personnel files, despite confidentiality objection); <u>Kessel v. Cook County</u>, 2002 WL 398506 (N.D. Ill. 2002) (same).

     Even if the Court were to find a sufficient confidentiality interest in the personnel files to enter a protective order under Fed. R. Civ. P. 26(c), that protection is *already in place* in this case: the parties long ago stipulated to a protective order limiting the use and disclosure of materials produced in the

litigation, which the Court entered – see Docket Entries 34-36.  Infinity is willing to treat the documents produced in response to these subpoenas as confidential under the terms of the existing order.

Courts confronting claims of confidentiality in opposition to a third-party subpoena regularly deny the motion to quash and instead simply protect the confidentiality of the documents using a protective order.  See, e.g., DIRECTV, Inc. v. Richards, 2005 WL 1514187 (D.N.J. 2005) ("The Court finds that Defendant has not proven the existence of a threatened privilege. Further, Defendant's concern would be better cured by a protective order issued pursuant to Federal Rule of Civil Procedure 26(c). Therefore, the Court cannot quash the subpoena on this basis."); Kessel, 2002 WL 398506, at *3 (denying plaintiff's motion to quash subpoena for documents from former employer's personnel file and ordering them produced – including sensitive medical information – but requiring that the documents be treated as confidential under the terms of an existing protective order).

Houston has no cognizable grounds to object to the subpoenas on privacy grounds, and even if he did, the remedy is to ensure that the materials remain confidential, not to quash the subpoenas.

3. The requested materials are relevant.  Plaintiff's motion also should be denied because the materials sought are directly relevant to this case, on several grounds.

The primary reason that Infinity seeks these documents is because plaintiff testified extensively in his deposition about his former employment, including his qualifications for those positions, his reasons for leaving prior jobs, his alleged experience with discrimination at those jobs, and similar matters.  The personnel files are directly relevant to test the truth of that testimony, and accordingly the plaintiff's credibility.

Secondarily, plaintiff apparently seeks damages in this action for emotional distress, and documents concerning his former employment may be relevant to that aspect of the claim.  See Kessel, 2002 WL 398506, at *3.  Also, the prospect that plaintiff may have filed groundless claims of discrimination against prior employers may itself be directly relevant to his credibility.  Maxwell, 2006 WL 1627020, at *4 ("evidence relating to potential prior complaints of discrimination, harassment or allegations could be relevant and possibly admissible if the evidence shows such claims were frivolous").

   4. The subpoenas comply with the Federal Rules of Civil Procedure.  Plaintiff objects that the subpoenas were issued by defense counsel under a caption bearing the Southern District of Texas as the issuing court, and that Infinity did not obtain "permission" to issue the subpoenas or "inform[ ] the Court in Texas" of their issuance, or to file the subpoenas with the Court.  The short answer to all of these objections is that there simply is no such requirement.  The Federal Rules specifically direct that subpoenas may be issued by counsel, and that when subpoenas are served in a judicial district other than where the action is pending, the subpoena should be captioned with the name of the issuing court.  See Fed. R. Civ. P. 45(a)(3)(B).[1]  No rule requires the subpoena to be filed with either court, or for advance "permission."

   5. There is good cause to permit the subpoenas at this time.  Plaintiff finally objects that the subpoenas were served after the close of discovery.  The reason for the recent service of the subpoenas is that Infinity only recently

---

[1] See also Rule 45, Advisory Committee Note to the 1991 Amendment: "Any attorney permitted to represent a client in a federal court, even one admitted pro haec vice, has the same authority as a clerk to issue a subpoena from any federal court . . . .  In authorizing attorneys to issue subpoenas from distant courts, the amended rule effectively authorizes service of a subpoena anywhere in the United States by an attorney representing any party."

learned, in the course of trial preparation, of credible information suggesting that plaintiff's deposition testimony about his prior employment is false in one or more respects. As explained above, if the documents produced in response to the subpoenas bear out that suspicion, they are directly relevant to the plaintiff's credibility. The subpoenas are no broader than necessary to confirm or refute this possibility, and accordingly there is good cause for this limited exception to the close of discovery.

## CONCLUSION

For all of the foregoing reasons, plaintiff's motion to quash should be denied.

        Respectfully submitted,

INFINITY BROADCASTING CORP.;
INFINITY RADIO
LICENSE, INC., d/b/a WZMX-FM;
VIACOM, INC.;
INFINITY MEDIA CORP.; and CBS
RADIO, INC.,

By their attorneys,

/s/Mark W. Batten_____
Mark W. Batten [ct24751]
Eben A. Krim
Proskauer Rose LLP
One International Place
Boston, Massachusetts 02110

Dated: December 11, 2007