UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL "J.D." HOUSTON,<br><br>    Plaintiff,<br><br> v.<br><br>INFINITY RADIO LICENSE, INC., d/b/a<br>WZMX-FM; VIACOM, INC.; INFINITY<br>BROADCASTING CORP.; INFINITY RADIO,<br>INC.; INFINITY MEDIA CORP.; and CBS<br>RADIO, INC.,<br><br>    Defendants. | C.A. No. 3:03-cv-00130-AWT<br><br><br>January 3, 2008 |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S STATISTICAL EVIDENCE REGARDING RACIAL DEMOGRAPHICS OF EMPLOYEES**

The plaintiff in this employment discrimination action, Wendell "J.D." Houston, intends to offer statistical evidence about the racial demographics of the employees at each of defendants' four Hartford-area radio stations. He apparently intends to argue, based on these statistics, that WZMX, the station at which he worked, was more diverse than the other three stations and that somehow this fact supports his theory of discrimination. Mr. Houston's proposed statistical evidence is irrelevant and inadmissible.

While statistical evidence may be properly admitted in certain disparate treatment cases, in order to be relevant such evidence must reveal "a stark pattern of discrimination unexplainable on grounds other than [race]." Aragon v. Republic Silver State Disposal, 292 F.3d 654, 663 (9th Cir. 2002); see Raskin v. Wyatt Co., 125 F.3d 55, 67 (2d Cir. 1997) (prima facie evidence "where gross statistical disparities can be shown") (internal citations omitted). Further, such

statistical evidence must be sufficiently detailed, robust and reliable to allow for reasonable inferences to be drawn by the fact finder. See Lamarch v. Tishman Speyer Props., L.P., 2006 U.S. Dist. LEXIS 55006 (S.D.N.Y. 2006) ("Without contextual information such as the number of…employees over forty during that period and the termination rate of employees under forty, no rational jury could draw any inference regarding age discrimination from the minimal data [plaintiff] presents."). Mr. Houston can not meet these standards, for at least two reasons.

First, statistical evidence is only probative of discrimination if it excludes other explanations for observed disparities. See e.g., Smith v. Xerox Corp., 196 F.3d 358, 371 (2d Cir. 1999) ("plaintiffs' statistical analyses fail to account for other possible causes for the fact that older (or male) workers were more likely to be terminated"); Hollander v. American Cyanamid Co., 172 F.3d 192, 203 (2d Cir. 1999) (same); Bickerstaff v. Vassar College, 196 F.3d 435, 450 (2d Cir. 1999) (same); Fahmy v. Duane Reade, Inc., 2006 U.S. Dist. LEXIS 37703 (S.D.N.Y. 2006) ("The Second Circuit has repeatedly held that statistical evidence purporting to show the effects of discrimination is not probative of an employer's intent where no effort is made to account for other possible causes of the disparity"). Moreover, "when the sample size is small, courts look very skeptically at statistical proffers by plaintiffs". Fahmy, 2006 U.S. Dist. LEXIS 37703 at *23, citing Pollis v. The New School for Social Research, 132 F.3d 115, 121-22 (2d Cir. 1997) (collecting decisions in which "courts have ruled, as a matter of law, that discrimination may not be proved by statistics involving [a] small . . . pool," such as 10 to 15). And when there is a risk that the data is "gerrymandered" to support plaintiff's case, the Second Circuit has held that reliance on such figures is "clear error." Fisher v. Vassar College, 70 F.3d 1420, 1443 (2d Cir. 1995). Mr. Houston's statistical evidence makes no effort whatsoever to exclude other explanations for the alleged disparities in racial demographics. There is no

evidence in the record, for example, to show whether WZMX employs a higher percentage of African-American applicants than the other stations because it has had more African-American applicants for employment. Under these circumstances, the evidence is inadmissible.

Second, even assuming (despite a total lack of evidence on the subject) that defendants had a practice of hiring more African-Americans at WZMX, the inference does not support plaintiff's case, but undermines it. Evidence showing that defendants sought to make WZMX more diverse – or, more pejoratively, that they hired fewer African-Americans at their other area stations – does not bolster Mr. Houston's case that he was the victim of racial discrimination at WZMX; quite the contrary. Plaintiff's statistical evidence is irrelevant and must be precluded from evidence.

Specifically, in addition to witness testimony, defendants respectfully request that the following proposed plaintiff's exhibits be precluded from evidence (numeric references are to plaintiff's proposed exhibits as listed in the Joint Trial Memorandum):

- (97) Infinity Affirmative Action Plan for Women and Minorities, June 1, 2001 to May 31, 2002;

- (98) Infinity Affirmative Action Plan for Women and Minorities, June 1, 2002 to May 31, 2003;

- (99) Infinity Affirmative Action Plan for Person with a Disability, Special Disabled Veterans, and Veterans of the Vietnam Era, June l, 2001 to May 31, 2002;

- (100) Outsolve AAP Report 2002;

- (101) Outsolve AAP Report 2003;

- (105) EEO Report for Hot 93.7 (Part 1);

- (106) EEO Report for Hot 93.7 (Part 2);

- (107) Infinity Broadcasting EEO Report, July 31, 2003;

- (108) EEO Public File Report, March 10, 2003 through November 21, 2003;

- (112) Infinity Affirmative Action Plan Data for 1999; and

- (113) Infinity Affirmative Action Plan Data for 2000.

## Conclusion

For all of the foregoing reasons, defendants respectfully request that the Court preclude the Plaintiff from introducing statistical evidence about the racial demographics of the employees at the defendants' four Hartford-area stations, as described above.

Respectfully submitted,

INFINITY RADIO LICENSE, INC., d/b/a WZMX-FM; VIACOM, INC.; INFINITY BROADCASTING CORP.; INFINITY RADIO, INC.; INFINITY MEDIA CORP.; and CBS RADIO, INC.,

By their attorneys,

/s/Mark W. Batten
Mark W. Batten [ct24751]
Eben A. Krim
Proskauer Rose LLP
One International Place
Boston, Massachusetts 02110
617.526.9600


Ben M. Krowicki
Bingham McCutchen LLP
One State Street
Hartford, CT 06103
860.240.2926
ben.krowicki@bingham.com

Dated: January 3, 2008

5