UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL "JD" HOUSTON : | CIVIL ACTION NO: 3:03CV0130(AWT) |
| : | |
| V. : | |
| : | |
| INFINITY RADIO LICENSE INC. : | |
| d/b/a WZMX HOT 93.7, VIACOM, INC. : | |
| INFINITY BROADCASTING CORP., : | |
| INFINITY RADION, INC., INFINITY : | |
| MEDIA CORPORATION AND CBS : | |
| RADIO, INC. : | JANUARY 13, 2008 |
| : | |

**OBJECTION TO DEFENDANTS' MOTION IN LIMINE
RE STATISTICAL EVIDENCE**

Defendant has moved to exclude from evidence Exhibit Nos. 97, 98. 99, 100, 101, 105, 106, 107, 108, 112, 113 from evidence on the alleged ground that somehow these documents constitute statistics. The claim is wrong on its face.

In point of fact, all of these documents were prepared by Defendants in the ordinary course of business and some of them are required by law that they prepare and preserve for accountability as to racial and gender discrimination issues under the Equal Employment Opportunity Laws of the the United States of America.

Curiously, Defendants argue (p. 3 of motion) that the documents which it seeks to exclude do in fact not support Plaintiff's case, but undermine it. Defendants, therefore, should be demanding the Court admit these documents even if Plaintiff were to wish to withdraw them from the case. Something is very wrong with that argument. Perhaps, it is that instead of showing that WZMX is more diverse, the jury may infer that WZMX was the plantation where minority employees worked.

A.    Documents

Let us examine the documents alleged by Defendants to be statistical.

1.    The first group, Ex. 97, 98, and 99 are in fact the Infinity Affirmative Action Plans for Women and Minorities, for each of the three years relevant to Plaintiff's employment. Such documents are routinely offered in evidence by employers in cases of this sort and are just as routinely admitted. They contain no statistics at all. They were identified, in her deposition, by Suzanne McDonald, the Senior Vice President and Market Manager Infinity Broadcasting Corporation, for Farmington, Connecticut, who is in charge of all four stations there (WZMX, WTIC-FM, WTIC-AM, WRCH), and who was completely unaware that those documents designated her the Equal Employment Opportunity Officer for the four stations. That is why Defendants want to exclude those three documents.

2.    Exhibits 100 and 101 are reports generated in the ordinary course of business by Defendants and identified as such in his deposition by Steven Salhany Operations Manager for WRCH, WTIC-FM, WTIC-AM, and WZMX. They are exhibits in his deposition and he testifies to them. Again, they are not statistics. They show the following classes of information for each employee (with a cover sheet translating numbers into terms):

> Name, Sex, Race, Title, Dept., EEOC Classification, Hire Date, Salary, Benefit Date, Salary Grade, Location (i.e., which radio station)

The documents show facts. Salient facts include (but are not limited to) the fact that WTIC-AM, WTIC-FM, and WRCH had at the time Plaintiff worked for Defendants very few minority employees, while WZMX had almost all the minority employees of all four stations. This is a gross fact of the kind that Defendants' brief admits is admissible. Perhaps, Defendant can come up with

a reasonable explanation. Perhaps, the southern states thought they had a reasonable explanation for another gross fact, viz., that in southern buses all the whites were in front and all the blacks were in back. This is a gross fact of that kind. It is powerful and that is why Defendants want to exclude it. But it is not statistical and it comes from the records of Defendants. Most employers put such documents into evidence on their own to show that they do not discriminate in hiring. There is no question of statistics when it is offered by the Defendant, because these are not statistical, they are factual.

       3.       Exhibits 105 and 106 are EEOC Reports, particularly for WZMX, the Station where Plaintiff was the Morning Show Host. Exhibits 107 and 108 are EEOC reports for "Infinity Broadcasting - Hartford." They were identified by Steve Salhany and Suzanne McDonald (see above) in their depositions and these witnesses testified about the reports. Ex. 107 and 108 further show the race and gender breakdown by job type, e.g., Managerial, Professional, Sales, Clerical. Once again, these documents, prepared by Defendants, are not statistics, but are business documents required by law to be kept by Defendants. There is no reason not to admit them, and most employers usually proudly admit them on their own to show their facial compliance with the law.

       4.       Exhibits 112 and 113 are Infinity Broadcasting's Affirmative Action Plan Data for the relevant years that Plaintiff was employed there. They show the factual information actually used by Defendants to come up with the Affirmative Action Plans, Ex. 97, 98, and 99, discussed above. These are data, not statistics. Data are facts. These are documents created by Defendant in the ordinary course of its business. There is no basis for objection to them.

    B.    Witnesses

Plaintiff is not offering expert statistical witnesses. Plaintiff is offering relevant factual

evidence of "a stark pattern of discrimination unexplainable on grounds other than [race]." *Aragon v. Republic Silver State Disposal*, 292 F.3d 654, 663 (9th Cir. 2002); *see Raskin v. Wyatt Co.*, 125 F.3d 55, 67 (2d Cir. 1997). Statistics are samplings. Here there is no sampling. The information involves all of the employees of Infinity Broadcasting - Hartford. They number in the hundreds. Defendant will not have to counter statistics, only explain this raw factual evidence about its employment practices.

Plaintiff and others may discuss the evidence. It is expected that both Steve Salhany and Suzanne McDonald will be asked questions regarding the facts contained in these documents. But they will be asked factual questions, not statistical questions. The jury will get to judge their answers in the usual way.

Wherefore, the motion should be denied.

                                        PLAINTIFF

                                        BY_____
                                        Francis A. Miniter, his attorney
                                        Miniter & Associates
                                        147 Charter Oak Avenue
                                        Hartford, CT 06106
                                        860-560-2590 ct09566

## CERTIFICATION

      This is to certify that a copy of the foregoing, together with attachment, xx has been delivered electronically through the Pacer system on January 14, 2008, to:

| | |
|---|---|
| Mark W. Batten, Esq. | Ben M. Krowicki |
| Eben A. Krim, Esq. | Bingham McCutchen LLP |
| Proskauer Rose - MA | One State Street |
| One International Place | Hartford, CT 06103 |
| Boston, MA 02110 | |

                                              _____

                                              Francis A. Miniter