UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL "JD" HOUSTON : | CIVIL ACTION NO: 3:03CV0130(AWT) |
| : | |
| V. : | |
| : | |
| INFINITY RADIO LICENSE INC. : | |
| d/b/a WZMX HOT 93.7, VIACOM, INC. : | |
| INFINITY BROADCASTING CORP., : | |
| INFINITY RADION, INC., INFINITY : | |
| MEDIA CORPORATION AND CBS : | |
| RADIO, INC. : | JANUARY 13, 2008 |
| : | |

**OBJECTION TO MOTION IN LIMINE TO PRECLUDE TESTIMONY**

Plaintiff objects to Defendants' Motion to Preclude Testimony for the following reasons:

**A.     The Motion is Premature**

Defendants ask this Court to prevent testimony from being given before the question which *might* elicit it is asked, if it is ever asked. The motion is therefore premature. Premature rulings on testimony suffer from several problems. First, context matters. Statements inadmissible in one context may prove to be admissible in another. The Court cannot anticipate context and by making a premature ruling out of context, wrongly denies the proffering party the opportunity to establish a suitable context, which can only occur by setting a foundation. Second, even if a ruling were to be made now, the Plaintiff would have to be given the opportunity with the witness present and the jury absent to make a record for appeal.

Second, the Court's ruling on the admissibility of statements in an affidavit may have been based on the lack of a foundation in the document. That failing is curable with the witness on the stand. To prematurely deny the possibility of that is to deny due process.

1

Third, nothing is lost by waiting to see if the issues about which Defendants show concern (1) arise in testimony at all; (2) arise in a context that requires a ruling by the Court. And much can be saved by avoiding a remand:

> [R]emand is warranted because the harmless error doctrine does not save premature rulings when the loser did have something substantial to say in opposition. *Compare Indiana Port Comm'n,* 702 F.2d at 111 n. 2. *with Kincaid v. Vail,* 969 F.2d 594, 599 (7th Cir. 1992).

*English v. Cowell*, 10 F.3d 434 @ 438 (7th Cir. 1993).

Wherefore, the Court should be wary of making premature rulings, especially on evidence, when a ruling in context can easily be made, provided that the issue arises at all.

### B.    Rule 701 Allows Appropriate Opinions

In its Order re Defendants' Motion to Strike, dated September 14, 2006, the Court did not give reasons for its ruling, which granted some requests and denied others. That Order was a limited one, based on the materials at hand, and could not take into account more detailed statements of evidence that may be present when the witness is present. There are many contexts in which FRE Rule 701 will allow a witness to express an opinion, which may have conclusory elements in it. It all depends on what has gone before. To disallow opinions at trial in advance would violate the purpose of Rule 701, or even FRE Rule 704, for that matter.

### C.    The Court's Order Re Defendants' Motion to Strike Was Not Definitive

The Court's Order, as noted above, did not give reasons for its ruling. Therefore, it is not definitive in the context of FRE Rule 103. Also, for that reason, it is difficult for Plaintiff to address the Court as to particular items at this time, in that the Court has not stated a reason for each ruling which Plaintiff could then address. In the absence of specific reasons given by the Court, the basis for exclusion may or may not be that that had been sought by the Defendant in the Motion to Strike. For this reason, a ruling at this time would deny Plaintiff the context in which to address the

Court as to its prior ruling.

### D. Claims as to Individuals

#### 1. Plaintiff

Defendants' claim that Plaintiff must be proscribed in advance from rendering opinions and from making conclusory statements is ridiculous. First, it violates FRE Rules 701 and 704 without regard to context and without distinguishing appropriate opinion evidence from inappropriate evidence. The Court has the power and ability to deal with inappropriate statements should they be made. Furthermore, Plaintiff is aware of the Ruling and of the Motion to which this is addressed and is capable of making informed decisions as to what he says so as not to injure his case.

#### 2. Ray Lumpkin

The Ruling of September 14th struck, strangely, Mr. Lumpkin's statements as to his background, all appropriate at trial for establishment of his credibility. While it may not have found a sufficient foundation in the Affidavit for the last sentence of Paragraph 8, Plaintiff belives that at trial a sufficient foundation will be laid for such statement. The same applies to his own interaction with Defendants.

#### 3. Dr. Wayne Carter

The Court only struck from his Affidavit the sentence "Management treated Jdd's guests differently than it treated other radio guests." Plaintiff expects to lay an adequate foundation for the observation at trial. His testimony is relevant to the pattern of discrimination Plaintiff intends to show the jury. Defendants presume when they say what Dr. Carter will testify about, especially since none of what they claim was in his Affidavit, and has never been ruled on by the Court. Defendants are, therefore, asking for a fantasy ruling without providing a basis for even the expectation, let alone actual testimony.

### 4. James Green

Plaintiff expects that an adequate foundation for any opinion as to the treatment of Plaintiff will be established through factual testimony by the witness. It is premature to judge that foundation without hearing it. It is also premature to judge the pattern evidence in advance. Indeed, one of the points about pattern evidence is that it gains strength from coming from multiple sources. Defendants are trying to preclude that in advance by precluding the witnesses from testifying at all to facts that constitute a pattern.

WHEREFORE, the Motion to Preclude Testimony should be denied.

BY_____
Francis A. Miniter, his attorney
Miniter & Associates
147 Charter Oak Avenue
Hartford, CT 06106
860-560-2590 ct09566

### CERTIFICATION

This is to certify that a copy of the foregoing, together with attachment, xx has been delivered electronically through the Pacer system on January 14, 2008, to:

| | |
|---|---|
| Mark W. Batten, Esq. | Ben M. Krowicki |
| Eben A. Krim, Esq. | Bingham McCutchen LLP |
| Proskauer Rose - MA | One State Street |
| One International Place | Hartford, CT 06103 |
| Boston, MA 02110 | |

_____
Francis A. Miniter