UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDELL "J.D." HOUSTON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>INFINITY RADIO LICENSE, INC., d/b/a<br>WZMX-FM; VIACOM, INC.; INFINITY<br>BROADCASTING CORP.; INFINITY RADIO,<br>INC.; INFINITY MEDIA CORP.; and CBS<br>RADIO, INC.,<br><br>　　　　　　　Defendants. | C.A. No. 3:03-cv-00130-AWT<br><br><br><br>January 14, 2008 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S STATISTICAL EVIDENCE**

Plaintiff's opposition to defendants' motion in limine concerning proposed statistical evidence completely misunderstands the basis of the objection. The question is not, as plaintiff characterizes it, whether the exhibits in question "constitute statistics" or rather "contain facts," as plaintiff says. The question is whether the exhibits are relevant – whether they are probative of the discrimination that plaintiff alleges, under Fed. R. Evid. 402 – and whether any such relevance is outweighed by their unfairly prejudicial and likely confusing effect, under Fed. R. Evid. 403. Plaintiff cannot satisfy either requirement.

First, and most importantly, the documents are irrelevant under well-established law, because they do not support the argument plaintiff wishes to make from them. The plaintiff contends that the exhibits prove, or tend to prove, a pattern of discriminatory employment at defendants' four Hartford radio stations – specifically, that more African-Americans were employed at WZMX (where the plaintiff worked, and which for most of the period at issue here

was a hip-hop station) than at the other stations (which are news, "Lite," and "Top 40" stations). Plaintiff attributes that disparity to intentional race discrimination. But, as the Second Circuit has "repeatedly held," such evidence is not probative of discrimination, and therefore inadmissible, unless the evidence "account[s] for other possible causes of the disparity." <u>Fahmy v. Duane Reade, Inc.</u>, 2006 U.S. Dist. LEXIS 37703 (S.D.N.Y. 2006). Most obviously, perhaps more African-Americans are employed at WZMX because a starkly higher percentage of those seeking jobs at WZMX are African-American? Plaintiff offers no evidence about the race of applicants at any of the stations, nor any evidence of any disparity in defendants' efforts among the four stations to recruit African-Americans, nor – perhaps most importantly – any disparity in acceptance or rejection rates of African-American applicants at the four stations. And lacking any evidence about how the alleged disparity came to be, plaintiff "fail[s] to account for other possible causes" of the disparity, and renders the evidence inadmissible. <u>Smith v. Xerox Corp.</u>, 196 F.3d 358, 371 (2d Cir. 1999).

Plaintiff offers no response to this case law, instead merely insisting that the documents were prepared by the defendants and contain "data, not statistics." Leaving aside plaintiff's rather precious distinction between "data" and "statistics," it does not matter that the documents were prepared by the defendants, that they were required by law, or even that "most employers," as the plaintiff says without citing any authority, offer such evidence themselves. Again, all of this misunderstands defendants' position. Defendants' objection is not that the documents are inauthentic or that the information they contain is itself unreliable. It is that the documents do not support the argument that the plaintiff wishes to make, and allowing the plaintiff to argue from these documents that "WZMX was the plantation where minority employees worked," Pl. Opp. at 1, is both an insupportable inference and unfairly prejudicial to the defendants.

2

Second, as argued in our opening brief on this subject, even if the documents supported the heavy inference that plaintiff attributes to them – that defendants purposely isolated African-Americans at WZMX – that grand inference itself does not advance the plaintiff's ultimate position that he was let go from WZMX because he is African-American. Thus, the proffered evidence is doubly irrelevant: it does not even tend to prove what the plaintiff claims it does, and even if it did, it would not, in the words of Fed. R. Evid. 401, "tend[] to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." The evidence is simply inadmissible.

## CONCLUSION

For all of the foregoing reasons, defendants respectfully request that the Court exclude proposed Exhibits 97-101, 105-108, and 112-13, and preclude the Plaintiff from arguing any racial disparity in the employee rosters at defendants' four Hartford-area stations.

Respectfully submitted,

INFINITY RADIO LICENSE, INC., d/b/a WZMX-FM; VIACOM, INC.; INFINITY BROADCASTING CORP.; INFINITY RADIO, INC.; INFINITY MEDIA CORP.; and CBS RADIO, INC.,

By their attorneys,

/s/Mark W. Batten
Mark W. Batten [ct24751]
Eben A. Krim
Proskauer Rose LLP
One International Place
Boston, Massachusetts 02110
617.526.9600

3

                                            Ben M. Krowicki  
                                            Bingham McCutchen LLP  
                                            One State Street  
                                            Hartford, CT 06103  
                                            860.240.2926  
                                            ben.krowicki@bingham.com

Dated: January 14, 2008