## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
WENDELL "J.D." HOUSTON,       :
                              :
         Plaintiff,           :
                              :
v.                            :    Civ. No. 3:03CV00130(AWT)
                              :
INFINITY RADIO LICENSE INC.   :
d/b/a WZMX HOT 93.7,          :
INFINITY BROADCASTING         :
CORP., INFINITY RADIO, INC.,  :
AND CBS RADIO, INC.           :
                              :
         Defendants.          :
                              :
------------------------------x
```

**ORDER RE DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S STATISTICAL EVIDENCE REGARDING RACIAL DEMOGRAPHICS OF EMPLOYEES**

Defendants' Motion in Limine to Exclude Plaintiff's Statistical Evidence Regarding Racial Demographics of Employees (Doc. No. 88) is hereby DENIED.

As an initial matter, the court notes that it is clear that "disparate treatment plaintiffs may introduce statistics as circumstantial evidence of discrimination." Hollander v. American Cyanamid Company, 172 F.3d 192, 202 (2d Cir. 1999). In Hollander, the plaintiff offered two bodies of statistical evidence; the first was a statistical analysis and report prepared by a statistics professor, and the second was the plaintiff's own study of the defendant's personnel directories and his analysis of what he termed "title switching." In both

instances, there were unreliability problems present with the statistical evidence. This case is not at all like <u>Hollander</u>. Nor is this case like <u>Polis v. New School Social Research</u>, 132 F.3d 115 (2d Cir. 1997), where the plaintiff in a disparate treatment case based her case on a statistical analysis of eight tenured professors. To date, the plaintiff here has not made a proffer of any statistical analysis prepared by the plaintiff. Rather, the plaintiff seeks to use official Affirmative Action Plans and EEO Reports prepared by the defendants, some of which contain statistics prepared by the defendants and some of which contain raw data that could be used to prepare a statistical analysis.

Thus, the court finds the defendants' contentions unpersuasive because (i) the plaintiff is not proffering his or his expert's statistical analysis; (ii) to the extent that the exhibits contain statistics or raw data that could be the source of statistics, the exhibits were prepared by the defendants at a time when they had an incentive to show that they were not engaging in discriminatory behavior, and it is not apparent how there can be a concern about the reliability of the information contained in the exhibits or the information in the exhibits being presented in a misleading fashion; and (iii) the plaintiff has proffered legitimate purposes for offering this evidence, and if necessary, an appropriate limiting instruction can be given to

the jury.

It is so ordered.

Dated this 18th day of January 2008, at Hartford, Connecticut.

                                                    /s/AWT
                                       Alvin W. Thompson
                                 United States District Judge